2000 ME 113

**Anthony DeSOMMA et al.**

v.

**TOWN OF CASCO.**

Supreme Judicial Court of Maine.

Argued March 7, 2000.
Decided June 19, 2000.

John Carver, Joseph Baiungo (orally), Carver, Kimball & Baiungo, Belfast, for the plaintiffs.

Kenneth Cole, Natalie Burns (orally), Jensen, Baird, Gardner & Henry, Portland, for the defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Anthony and Rudolph DeSomma appeal from the judgment of the Superior Court (Cumberland County, *Mills, J.*) affirming the decision of the Town of Casco Zoning Board of Appeals. The Board denied the DeSommas' appeal of the Town Code Enforcement Officer's refusal to grant them a building permit and also denied the DeSommas' request for a second variance. The DeSommas argue on appeal that the first variance granted to them by the Board had not expired and, therefore, the CEO erroneously denied their application for a building permit on that basis. Alternatively, they argue that if the variance was only for a fixed period of time, their failure to seek a building permit within that time frame should not constitute a self-created hardship that would preclude the grant of a second variance. We agree that the original variance granted by the Board had not expired and therefore vacate the decision of the Superior Court.

## I. FACTUAL SUMMARY

[¶ 2] In May 1970, Anthony and Rudolph DeSomma purchased a parcel of property on Thomas Pond in the Town of Casco. Their deed contained a restrictive covenant that prevented them from building a residential structure on the property with a foundation area of less than 500 square feet. In the ensuing years, the Town amended its zoning ordinances, specifically its setback provisions, so that when the provisions were applied to the DeSommas' property they left a building envelope measuring only 452 square feet.

[¶ 3] The DeSommas sought, and on September 15, 1997, were granted a variance that allowed for a foundation of greater than 452 square feet on the property. On the back of the "Notice of Decision" granting the variance were a series of statements providing the applicant with several legal facts described as "conditions" or "information." One of the statements notified the DeSommas that they were required to record the variance at the Registry of Deeds. They did. Another statement notified them that "a variance is not a permit," and did not obviate the need to obtain appropriate permits. Finally, a statement provided:

> A permit secured by vote of the Zoning Board of Appeals under the provisions of this ordinance shall expire if the work or change involved is not commenced within one year of the date on which the appeal is granted, and if the work or change is not substantially completed within eighteen months of the date on which such appeal is granted.

The DeSommas did not seek a building permit nor commence building within a year of the grant of the variance.

[¶ 4] In August 1998, they submitted a request for an extension of the time limit for beginning construction. The Board denied the request, determining that it did not have the power to grant an extension and that the DeSommas could instead return with a new application for another variance. Shortly thereafter, the DeSommas applied for a building permit from the Town's Code Enforcement Officer. The CEO denied the application based on a determination that the original variance granted to the DeSommas had expired. The DeSommas filed an administrative appeal of the CEO's decision, arguing that the initial variance never expired, while in

the alternative, filing an application for a second variance.

[¶ 5] The Board denied both the DeSommas' administrative appeal and their request for a second variance. In its notice of decision, the Board found that the CEO properly denied the DeSommas' request for a building permit because the time in which a permit could be granted had expired. The Board also determined that the DeSommas were not entitled to a second variance based on their failure to commence and complete construction within the time frame of the first variance.

[¶ 6] The DeSommas appealed the Board's decision to the Superior Court pursuant to M.R. Civ. P. 80B and also sought a declaratory judgment establishing that the first variance had not expired. The court affirmed the decision of the Board, determining that the CEO properly refused to issue a building permit and that the Board did not err by declining to grant a second variance. The court also denied the DeSommas' request for a declaratory judgment, finding that they were barred by *res judicata* from seeking collateral review of the Board's earlier determination that an extension of the first variance was not available to the DeSommas and its necessary implication that the first variance was of a limited duration. The DeSommas then appealed to this Court.

## II. THE VARIANCE

[¶ 7] We review the decision of the Zoning Board of Appeals directly in the context of a Rule 80B appeal in which the Superior Court acts as an intermediate appellate court.[1] *See Crispin v. Town of Scarborough*, 1999 ME 112, ¶ 10, 736 A.2d 241, 244. The Board determined that the Town's Zoning Ordinance 6.3.5.J imposes a time limitation on the duration of variances and therefore the CEO had properly denied the DeSommas a building permit because their variance had expired. The DeSommas argue that this determination constituted error and contend that section 6.3.5.J does not apply to variances.

[¶ 8] "Interpretation of the provisions of a zoning ordinance is a question of law for the [C]ourt." *Town of Hartford v. Bryant*, 645 A.2d 18, 19 (Me.1994). Therefore, we review such questions de novo. *See Banks v. RSA # 1*, 1998 ME 272, ¶ 4, 721 A.2d 655, 656. The contested provision of the Town's Zoning Ordinance reads in full:

> A permit secured by vote of the Zoning Board of Appeals under the provisions of this Ordinance shall expire if the work or change involved is not commenced within one year of the date on which the appeal is granted, and if the work or change is not substantially complete within eighteen (18) months of the date on which such appeal is granted.

Casco, Me., Zoning Ordinance 6.3.5.J (June 21, 1997) (hereinafter Zoning Ordinance at ____).

[¶ 9] The Town argues that the term "permit" in this provision encompasses variances and thereby establishes a time limit of one year on the duration of a variance if no work is commenced during that time.[2] The DeSommas argue that a

---

1. The DeSommas indicated in their notice of appeal that they were also appealing the Superior Court's denial of their request for a declaratory judgment. However, they did not brief the issue of res judicata and its implications for declaratory judgment actions seeking collateral review of final agency actions, the basis of the Superior Court's denial, in their initial brief and only addressed res judicata in their reply brief in the context of their Rule 80B appeal. Therefore, they have failed to preserve their appeal of the denial of the declaratory judgment. *See Biette v. Scott Dugas Trucking and Excavating, Inc.*, 676 A.2d

490, 494 (Me.1996); *see also State v. Babcock*, 361 A.2d 911, 913 n. 1 (Me.1976) (failure to brief issues listed on appeal constitutes waiver of those issues). Fortunately for the DeSommas, this has little practical effect, for we nevertheless review the issue of whether the first variance granted by the Town expired in the context of their Rule 80B appeal of the CEO's denial of their building permit as discussed below.

2. The Town also makes the alternative argument that review of the issue of whether the DeSommas' variance expired is foreclosed by

variance is not a permit within the meaning of the term as used in the Town's Zoning Ordinance. We construe disputed language reasonably and "with regard to both the ordinance's specific object and its general structure." *Lewis v. Town of Rockport,* 1998 ME 144, ¶ 11, 712 A.2d 1047, 1049 (internal quotation marks and citation omitted). We give undefined terms their common and generally accepted meaning unless indicated otherwise by their context in the ordinance. See *Town of Union v. Strong,* 681 A.2d 14, 17 (Me.1996).

[¶ 10] "Variance" is defined in the Town's Zoning Ordinance as:

A departure from the requirements of this Zoning Ordinance as authorized by the Zoning Board of Appeals only where strict application of the Ordinance would cause undue hardship. As used in this Code, variances may be authorized only for maximum height, minimum setbacks, minimum frontage, maximum building coverage or impervious surface, increases in nonconforming nonresidential uses over 25%, and reconstruction of a destroyed non-conforming [sic] building.

Zoning Ordinance at 2. "Permit" is not defined in the Ordinance. Webster's defines it, however, as "[a] document or certificate giving permission to do something." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 876 (1988); *see also* BLACK'S LAW DICTIONARY 1026 (5th ed.1979). Although it is debatable whether in common usage a departure from

the requirements of the Town's Zoning Ordinance is tantamount to permission to do something, we note that the notice itself granting the DeSommas' variance stated that "a variance is not a permit." Both the general structure of the Ordinance and its purpose resolve the debate, however, and support the statement found in the notice: A variance is not a permit within the meaning of the Town's Zoning Ordinance.

[¶ 11] Permits and variances are accorded separate treatment throughout the Town's Zoning Ordinance. Within the Article governing zoning districts, in the subsection providing for administration of district standards, the procedure for applying for and obtaining use permits includes first applying to either the CEO or the Planning Board and then allows for appeals to the Zoning Board of Appeals. *See* Zoning Ordinance at 4.4.8.N & P. In contrast, applications for variances go to the Zoning Board of Appeals in the first instance and there is a separate section governing their approval. *See* Zoning Ordinance at 4.4.8.P. There is also a separate subsection in the Article governing general administration that is exclusively devoted to the administration of building permits, certificates of occupancy and shoreland permits. *See* Zoning Ordinance at 6.1. Again, applications for these permits either originate with the CEO or the Planning Board. *See id.* There is no mention of variances in this section. Consequently, there is nothing in the gen-

---

the doctrine of *res judicata,* contending that the DeSommas are attempting to relitigate the denial of their request for an extension of the time limit on construction via their 80B appeal of the CEO's denial of their building permit. As we have noted recently, however, *res judicata* only applies between proceedings on the *same cause of action. See Goumas v. State Tax Assessor,* 2000 ME 79, ¶¶ 5 & 7, 750 A.2d 563, 565. The DeSommas' request for a building permit does not constitute the same cause of action as their request for an extension that the Board ultimately determined it was not empowered to entertain.

Even assuming that the doctrine of collateral estoppel might apply between the two proceedings at issue, *but see Town of North Ber-*

*wick v. Jones,* 534 A.2d 667, 670 (Me.1987) (noting that in order for collateral estoppel to apply in administrative context, prior administrative proceeding must possess the "essential attributes" of an adjudicatory proceeding), the issue of whether the variance expired was not "actually litigated" when the Board determined that it did not have the power to grant an extension of the time limit established by the Zoning Ordinance 6.5.3.J. Rather, the *assumption* that the variance expired served as the *premise* for the proceeding. An issue must be "actually litigated" in order for relitigation to be precluded in subsequent proceedings, *see id.* Therefore, substantive review of the question of whether the variance expired at all is not precluded.

eral structure of the Ordinance to indicate that the term "permit," as used in the section establishing a time limit on their duration, is meant to encompass variances. Rather, they are treated separately.

[¶ 12] Additionally, the statement of purpose in the Ordinance reflects a concern for promoting orderly and measured development in the community, as well as reflecting a solicitude for conservation of natural resources. *See* Zoning Ordinance at 1.3. Limiting the duration of variances would encourage hasty development to avoid running up against time limitations, which would be counter to these stated purposes.

[¶ 13] Finally, providing for variances prevents a municipality's zoning ordinance from constituting a regulatory taking when applied to particular properties. *See Loveladies Harbor, Inc. v. United States,* 15 Cl.Ct. 381, 386 (Cl.Ct.1988) (citing A. Dawson, Land–Use Planning and the Law 38 (1982)); *see also Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186–191, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (determining that takings claim was not ripe in case where plaintiffs had not sought and been refused a variance from local ordinance requirements). Variances also must be recorded in the Registry of Deeds. See 30–A M.R.S.A. § 4353(5) (1996). Both of these features indicate that variances are more likely to have a life longer than a permit. Because we find that the term "permit" in section 6.3.5.J of the Town's Zoning Ordinance does not encompass variances and, therefore, does not impose a time limit on their duration, and because there is no other language in the Ordinance limiting the duration of variances, *compare Peterson v. Town of Rangeley,* 1998 ME 192, ¶ 4, 715 A.2d 930, 931 (quoting Town of Rangeley Zoning Ordinance that explicitly sets time limit on the duration of a variance), we find that the first variance granted to the DeSommas has not expired. Therefore, the CEO's denial of

their application for a building permit on that basis was error.

The entry is:

Portion of the judgment affirming the decision of the Zoning Board of Appeals vacated. Remanded to the Superior Court with instructions to remand to the Board for a reconsideration of the building permit application.