2002 ME 105

**Kevin GRIFFIN**

v.

**TOWN OF DEDHAM.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 26, 2002.

Decided: June 27, 2002.

Edmond J. Bearor, Esq., Luke M. Rossignol, Esq., Rudman & Winchell, LLC, Bangor, for the appellant.

David F. Szewczyk, Esq., Bangor, for the appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Kevin Griffin appeals from a judgment of the Superior Court (Hancock County, *Hjelm, J.*) that affirmed the decision of the Town of Dedham's Zoning Board of Appeals (Board) to deny Griffin's application for a land use permit to build a single family dwelling. We disagree with what Griffin contends is the only correct

way to interpret the Town's Land Use Ordinance, and conclude that the Zoning Board correctly denied Griffin a building permit. Accordingly, we affirm the judgment of the Superior Court.

[¶ 2] Kevin Griffin owns land on the shore of Phillips Lake in the Town of Dedham. He desires to build a single family dwelling, or camp, closer to the water of Phillips Lake than the applicable 100–foot setback requirement allows. ' *See* DEDHAM, ME., LAND USE ORDINANCE §§ 15(A)(2)(a), 15(B)(1) (Oct. 5, 1995) (structures must be set back at least 100 feet from the normal-high-water line of a great pond). Griffin attempts to utilize the exception to the setback requirements set out in section 12(F) of the Ordinance to secure approval for his building. Section 12(F) specifies five requirements that must be satisfied before that exception can apply, only one of which is relevant on this appeal. The relevant portion of section 12(F) provides that

> [a] structure for a primary single-family residence and accessory structure may be constructed if the following conditions are met:
>
> . . . .
>
> 3. The proposed location of all buildings, sewage disposal systems, and other improvements are:
>
>> a. *Located on natural ground slopes of less than 20%* . . . .

*Id.* § 12(F) (emphasis added).

[¶ 3] The land on which Griffin proposes to build has three different levels. The front of the structure would be located on a slope of about sixty percent, the back of the structure on a slope of forty percent, with the middle located on an abandoned road that is flat and about fifteen feet wide.

[¶ 4] Griffin applied to the Town's Planning Board for a land use permit to build the dwelling. The Planning Board denied his application because the "[g]round slopes of [the] proposed site exceed Section 12(F)(3)(a)." Griffin appealed the Planning Board's decision to the Town's Zoning Board of Appeals. The Zoning Board conducted a de novo hearing during which it accepted documentary evidence and heard testimony regarding the slopes of the footprint of the proposed building site, and the meaning of the "natural ground slopes" limitation in section 12(F)(3)(a). The Board found that parts of the proposed dwelling's foundation would be built on slopes exceeding twenty percent. It also found that "the entire lot in question involves steep slopes that could increase the possibility of erosion into Phillips Lake." The Board ultimately concluded that section 12(F)(3)(a) does not permit construction of. the dwelling as proposed because "there are slopes greater than [twenty percent] at the proposed building site."

[¶ 5] Pursuant to M.R. Civ. P. 80B, Griffin appealed the Board's decision to the Superior Court, contending that (1) the Board's decision to deny Griffin's appeal was arbitrary, capricious, unlawful, and unreasonable, and represented an error of law with respect to its interpretation of "slopes" in section 12(F)(3)(a); and, (2) the Board violated Griffin's procedural rights to due process during the appeal. The Superior Court rejected Griffin's contentions and affirmed the Board's decision in all respects. Griffin then filed this appeal.

[¶ 6] When the Superior Court acts as an appellate court, we directly review the operative decision of the municipality, *Stewart v. Town of Sedgwick*, 2000 ME 157, ¶ 4, 757 A.2d 773, 775, for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *McGhie v. Town of Cutler*, 202 Me. 62, ¶ 5, 793 A.2d 504, 505. When a board of appeals acts as a tribunal of original jurisdiction and properly conducts

a de novo hearing pursuant to 30–A M.R.S.A. § 2691 (1996) and the municipality's ordinance, we review the decision of the board of appeals directly. *Stewart,* 2000 Me. 157, ¶¶ 6–7, 11, 757 A.2d at 776–77. Because the Zoning Board in this case properly acted as a tribunal of original jurisdiction in accordance with the Town's ordinance, we review its decision, and not that of the Planning Board. *See id.*

■■■■ [¶ 7] Resolution of this case turns on the interpretation of section 12(F)(3)(a) of the Town's ordinance. Interpretation of the provisions of a zoning ordinance is a question of law that we review de novo. *DeSomma v. Town of Casco,* 2000 ME 113, ¶ 8, 755 A.2d 485, 487. We give weight to an administrative agency's interpretation of an ordinance administered by it, and we should uphold such a construction unless the statute or ordinance clearly compels a contrary result. *Wright v. Town of Kennebunkport,* 1998 ME 184, ¶ 5, 715 A.2d 162, 164. An agency's construction, however, is not conclusive or binding on us. *Id.* We interpret an ordinance "by first looking at the plain meaning of the language to give effect to legislative intent." *Banks v. Maine RSA # 1,* 1998 ME 272, ¶ 4, 721 A.2d 655, 657 (quoting *Clarke v. Olsten Certified Healthcare Corp.,* 1998 ME 180, ¶ 6, 714 A.2d 823, 824). "In doing so '[t]he terms or expressions in an ordinance are to be construed reasonably with regard to both the objectives sought to be obtained and the general structure of the ordinance as a whole.'" *Id.* (quoting *Gerald v. Town of York,* 589 A.2d 1272, 1274 (Me.1991)).

■■■ [¶ 8] Although the parties apparently agree that the term "slope" means "rise over run," Griffin and the Town disagree as to how the measurements to determine slope are to be made. Griffin argues that, rather than separately considering and measuring the slopes that are part of the building site as the Town suggests, what should be the determinative measurement is the overall slope of the ground area on which his building would be located.[1] Included in Griffin's proposed slope measurement are ground slopes of sixty percent and forty percent and the flat manmade road area, that results in an overall slope of close to twenty percent.[2]

[¶ 9] The Ordinance proscribes building where the *"natural* ground slopes" are twenty percent or more. "Natural" means "[i]n accord with the regular course of things in the universe and without accidental or purposeful interference." BLACK'S LAW DICTIONARY 1048 (7th ed.1999). Griffin attempts to take advantage of an *unnatural,* i.e. manmade, abandoned road in computing the ground slope of the proposed building site. The artificial slope of the road and perhaps the artificially elevated slopes on either side are not "natural ground slopes." Because the evidence in

---

**1.** The Town argues that section 12(F)(3)(a)'s "natural ground slopes" limitation prohibits building on land that has any slope or incline, measured from any two points within the proposed building site, equal to or greater than twenty percent. The Town contends that by using the plural form of the word, "slopes," as opposed to the singular form, "slope," the plain wording of the ordinance compels its interpretation. Griffin contends that the Town's construction is flawed and would produce absurd and unintended results because it would render unbuildable any site on which there was any incline, however in-

significant, that had a slope of twenty percent or more. Because Griffin's permit application is properly denied under any interpretation except that advanced by Griffin, we find it unnecessary to determine whether and how each and every incline would have to be considered.

**2.** Although there was conflicting evidence, Griffin did present some evidence demonstrating that the average of the slope of the entire area of the footprint was less than twenty percent when the manmade road was included in the calculation.

the record satisfies us that the natural ground slope at the building site is significantly greater than twenty percent, the Board came to the correct conclusion that Griffin's proposed building would be located on a natural ground slope that equals or exceeds twenty percent. A topographical site plan included in the record indicates that the lot is approximately 300 feet deep and 150 feet wide. Above the house the land drops more than forty feet in 160 feet, which is a twenty-five percent slope. From that point just behind the house it is 120 feet to the water, and the land drops sixty feet, which is a fifty percent slope. It is evident that, but for the artificial road, the natural ground slope is greater than twenty percent.

[¶ 10] Moreover, the ordinance must be construed with regard to its objectives. *See Banks*, 1998 ME 272, ¶ 4, 721 A.2d at 657. Section 12(F)(3)(a) exists as an exception to the generally applicable 100–foot setback requirement imposed by the Ordinance. Section 12(F)(3)(a) allows a landowner to build within 100 feet, and up to but no closer than seventy-five feet, from a body of water, but only if certain specific requirements are met, requirements that ensure adequate protection of the body of water from pollution, such as phosphorous runoff, and from accelerated soil erosion. One of those requirements is that no building be allowed on land with natural ground slopes of twenty percent or more. By giving the term "natural" its plain meaning, section 12(F)(3)(a) is construed in a manner consistent with that section's objectives.

[¶ 11] Although we construe the Ordinance slightly differently than did the Board, we agree with the Board's conclusion that Griffin has failed to demonstrate that his proposed building site is located on "natural ground slopes of less than [twenty percent]." *See Houde v. Millett*, 2001 ME 183, ¶ 9, 787 A.2d 757, 759 (appel-late court may affirm decision on a rationale different than that relied on by the decision maker).

The entry is:

Judgment affirmed.