STATE OF MAINE
HANCOCK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-6

F. EDWARD SCHWABE, JR.,      )
                             )
        Petitioner           )
                             )
v.                           )
                             )
TOWN OF SWAN'S ISLAND,       )
                             )
        Respondent           )

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

NOV 19 2002

Pending before the Court is F. Edward Schawbe's ("Petitioner") Petition for Review of the Town of Swan's Island Planning Board's (the "Board") decision denying the Petitioner's application for a shoreland-zoning permit. Daniel A. Pileggi, Esq., for the Plaintiff, James E. Patterson, Esq., for the Defendant. For the following reasons this matter is remanded to the Board for Findings of Fact and Conclusions of Law.

## Background

The Petitioner owns a home and real estate located at 54 Rowe Road in the Toothacher Cove area of Swan's Island. A stone wall surrounds the home on two sides. One of the walls is adjacent to a ten-foot wide, one-lane gravel road that crosses the 4.3 acre property. (See attached) The Petitioner's entire home is within sixty feet of the centerline of the gravel road.

Section 17(G)(2) of the 1990 Swan's Island Shoreland Zoning Ordinance (as amended through 1995) (the "Ordinance") subjects all structures to a sixty (60) foot setback from "the centerline of the traveled way of all roads open to the public". Section 8(C)(1) of the Ordinance provides that a "non-conforming structure may be added to or expanded after obtaining a permit from the same permitting authority as that for a new structure, if such addition does not increase the non-conformity of the structure."

On or about May 25, 2001, the Petitioner applied for a shoreland zoning permit to expand his home. The Board denied the Petitioner's application and found "the entire structure is non-conforming in it's [sic] setback from the centerline of the public traveled right-of-way. Therefore, any further expansion in the direction of the gravel road would increase the structure's non-conformity." The Petitioner requested an administrative

1

appeal and the Swan's Island Board of Appeals ("BOA") reviewed the decision, viewed the site, conducted a public hearing and denied the Petitioner's appeal due to the proposed structure's distance from the gravel road. The Petitioner then filed the present Petition for Review.

## Arguments

The Petitioner argues the Board improperly denied his application for a shoreland zoning permit. The Petitioner first contends the setback does not apply because the gravel road is not a traveled way open to the public. The Petitioner argues that the record contains no evidence indicating the gravel road is open to the public.

If the setback does apply, the Petitioner argues that he would not be increasing the structure's non-conformity because the expansion would not extend beyond a stone wall located on the property or a fenced walkway attached to the house. The Petitioner asserts that the Board failed to consider any evidence relating to the status of the gravel way or the stone wall or walkway and therefore their decision is not supported by substantial evidence in the record.

Finally, the Petition argues if the setback does apply to this situation, it constitutes an unconstitutional interference with private property.

The Town contends that the Petitioner was the only party with the ability to present evidence to the Board on the status of the gravel road. The Town argues that the Petitioner offered no evidence, nor did he request the Board obtain any.

On the merits, the Town states that the Legislature mandated zoning for all property located within 250 feet of the normal high water mark of any salt-water body. 38 M.R.S.A. §435, 438-A(1). Municipalities must enact shoreland zoning ordinances that are consistent with the Board of Environmental Protection's land use guidelines. Id. The guidelines must include provisions relating to structure size and setbacks and the Commissioner of the Environmental Protection must approve the ordinances. The Town argues that the Petitioner offers no evidence supporting his claim that towns may only enact setback requirements from public roads. The Town contends that the Ordinance applies if the gravel way is a public way or a private way open to the public. The Town contends there is ample evidence to support the Board's finding that the gravel way falls into one of those categories.

Discussion

## Standard of Review

Courts review a municipality's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. Griffin v. Town of Dedham, 2002 ME 105, ¶6, 799 A.2d 1239. The BOA acted in an appellate capacity pursuant to the Ordinance and therefore the Court reviews the Board's decision directly, not that of the BOA. Stewart v. Town of Sedgwick, 2000 ME 157, ¶4, 757 A.2d 773.[1] This case deals with the interpretation and application of a zoning ordinance. Interpretation of a zoning ordinance is a question of law that the Court reviews de novo. Id. Courts defer to a municipality's interpretation of an ordinance it administers, and uphold interpretations unless the statute or ordinance clearly compels a contrary result. Id. However the municipality's interpretation is not conclusive or binding. Id. Courts interpret an ordinance "by first looking at the plain meaning of the language to give effect to legislative intent." Id (quoting Clarke v. Olsten Certified Healthcare Corp., 1998 ME 180, ¶6, 714 A.2d 823, 824). Courts construe undefined terms in an ordinance reasonably with regards to the legislative intent and general structure of the ordinance. Id. The Petitioner urges the Court to strictly construe the ordinance in question because zoning ordinances are in derogation of common law. Town of Waterboro v. Lessard, 287 A.2d 126, 129 (Me. 1972). However, the Court may not use this principle of construction to defeat a reasonable interpretation designed to give effect to legislative intent. Town of Union v. Strong, 681 A.2d 14, 18 (Me. 1996).

## Nature of the Gravel Road

The record indicates the Board decided, based on a conversation with Selectman Dexter Lee, the gravel way was a "public traveled right of way and subject to a 60 foot setback from the centerline of the road." Town of Swan's Island Planning Board Meeting, Minutes-June 14. The only evidence the Board had before it was the

---

[1] The Town contends the BOA conducted a hearing de novo. In that case the Court would review the decision of the BOA directly. However, the Ordinance requires the BOA to review the record of the Board and only overturn the Board's decision if it was clearly contrary to specific provisions of the Ordinance. Section 18(C)(3). Therefore the BOA was acting as an appellate tribunal and was not free to evaluate the evidence on the merits. Griffin v. Town of Dedham, 2002 ME 105, ¶6, 799 A.2d 1239; Stewart v. Town of Sedgwick, 2000 ME 157, ¶4, 757 A.2d 773.

Petitioner's application, which included a drawing indicating a deeded private right of way across his property. It is unclear from the record how the Board reached their decision as to the applicability of the required setback and status of the road. The Board contends the Ordinance applies to public ways and private ways open to the public. The Board does not explain this interpretation nor do they determine what category the gravel way falls into.

The Court reviews the record to determine if the municipal board reached a decision supported by substantial evidence. Griffin, 2002 ME 105, ¶6. If the record and the Boards findings are insufficient to permit meaningful review, the court may remand the matter to the Board for further findings of fact. Christian Fellowship and Renewal Center v. Town of Limington et al., 2001 ME 16, ¶ 14-18, 769 A.2d 834, 838-40. The record, as it exists, is insufficient for judicial review. It is unclear what Selectman Lee discussed with Board, and from what basis he formed his opinion. A remand to the Board for a finding of facts explaining when the Ordinance applies, what category the gravel way fits into, and the basis for their decision, would allow for further judicial review. Without a sufficient record to review the Court is in danger of 'judicial usurpation of administrative functions". Christian Fellowship and Renewal Center, 2001 ME 16, ¶15, (citing Gashgai v. Bd. of Registration in Medicine, 390 A.2d 1080, 1085 (Me. 1978)).

**Stonewall and Walkway**

If the Ordinance does apply to the gravel way on the Petitioner's property the record contains insufficient evidence regarding the effect the stone wall and the walkway have on the structure and its noncompliance. Section 8(C)(1) of the Ordinance states a "non-conforming structure may be added to or expanded after obtaining a permit from the same permitting authority as that for a new structure, if such addition does not increase the non-conformity of the structure." The Petitioner contends the stone wall and/or the walkway are structures connected to the main structure and therefore as long as any additions do not expand the house beyond the boundaries established by the wall or walkway he would not be increasing the non-conformity of the house. The Ordinance defines structure as follows:

> Anything constructed or erected with a fixed location on or in the ground, or attached to something having a fixed location on or in the ground, exclusive of fences, and flagpoles including but not limited to: buildings, mobile homes, radio

4

and television receiving and sending equipment, walls, billboards, signs, piers, floats; anything build for the support, shelter, or enclosure of persons, animals, goods, or property of any kind.

However, the Board did not consider any evidence relating to the wall or walkway and its effect on the expansion of the structure. It is unclear why the Board did not consider the definition of structure as it relates to the walkway and stone wall and why the Board did not consider the provision for allowing expansion of non-conforming structures. The record is insufficient for judicial review. If the record and the Board's findings are insufficient to permit meaningful review the court may remand to the Board for further findings of fact. Christian Fellowship and Renewal Center, 2001 ME 16, ¶ 14-18.

**Constitutionality**

The Petitioner contends if the Board applies the setback to the gravel way, it would amount to an unconstitutional interference with his property rights. The Petitioner acknowledges the Town's authority to enact zoning ordinances, however applying the setback provision to the gravel way is an unreasonable interference with his property rights. The Town argues the Petitioner needed to join the Attorney General and his failure to do so prevents him from bringing the claim. The Petitioner states he is only challenging the application of the Ordinance, not the Ordinance itself, and therefore joinder is unnecessary. Due to the insufficient record for review it is not clear the Court needs to address the Constitutional questions at this time. Widewaters Stillwater Co., LLC. v. Bangor Area Citizens Organized for Responsible Government, 2002 ME 27, ¶11, 790 A.2d 597.

THE DOCKET ENTRY IS:

> The Town of Swan's Island Planning Board's decision is remanded to the Board for full findings of fact and conclusions of law in accordance with this Order. The Court retains jurisdiction over this matter pending the Board's action.

The clerk is ordered to incorporate this decision into the docket by reference.

Dated: // - 5 - 02

Joseph Jabar
Justice, Superior Court

**FILED &
ENTERED**

NOV 1 2 2002

**SUPERIOR COURT
HANCOCK COUNTY**

5