STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss.                                    CIVIL ACTION NO.
AP-01-34

PAUL S. NODDIN, ET AL,
        Petitioner



FILED & ENTERED
SUPERIOR COURT

DEC 1 2 2002

PENOBSCOT COUNTY

v.

CITY OF BREWER,
        Respondent

DECISION AND JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

JAN 2 2003

Before the court is petitioners', Paul S. Noddin, et al, (" Noddin") appeal from the City of Brewer Zoning Board of Appeals' (the "Board") decision finding that trellises located on or near Noddin's property line were not structures and not subject to zoning ordinances. For the following reasons the Board's decision is affirmed.

## BACKGROUND

The following facts were before the Board. Noddin currently resides at 171 Wilson Street in the City of Brewer. On May 14, 2001, Deborah Berry, who resides at 167-169 Wilson Street in the City of Brewer, erected two trellises near the property line between her home and Noddin's home. Ms. Berry, a member of the Board, placed the trellises directly in front of Noddin's windows. Noddin contacted the City of Brewer Code Enforcement Officer, David Russell ("C.E.O.") and complained that the trellises violated the City of Brewer Zoning Ordinances (the "Ordinances"). Noddin specifically contends the trellises violate the Preamble of the Zoning Ordinances and Sections 101, 305.5, 502, and 801.

On June 25, 2001, the C.E.O. informed Noddin and Ms. Berry in writing that the trellises did not constitute structures under the Ordinances and therefore permit and setback requirements did not apply. Noddin appealed the C.E.O.'s decision to the Board and on August 13, 2001 they conducted a hearing. At the hearing the C.E.O. testified the trellises were not structures but decorative gardening tools. The Board denied the Noddin's appeal and upheld the C.E.O.'s opinion.

Noddin filed this appeal on October 11, 2001. He asked the court to reverse the Board's decision, order the removal of the trellises, and award such costs allowed by law. Noddin alleged various comments the Chair of the Board (the "Chair") made, Ms. Berry's role as recording secretary, and her testimony constituted bias. Noddin also

1

alleged the Board acted contrary to Maine law when discussing the issue of "spite fences" and that the Board made an error of law in determining the trellises are not structures.

In a previous Order dated, September 4, 2002, the Court found no evidence of bias or any action contrary to Maine law concerning "spite fences". However, when ruling Noddin's claimed error of law, the Court found the record on appeal insufficient for judicial review and remanded the matter to the Board for full findings of fact and conclusions of law. On November 25, 2002, the Board presented the Court with the requested findings. The Court deems further argument or presentation unnecessary after submission and review of the findings.

## DISCUSSION

When the court rules on an appeal from a local Zoning Board of Appeals it must limit itself to determining, "whether, from evidence of record, facts could reasonably have been found by the zoning board to justify its decision." Driscoll v. Gheewalla, 441 A.2d 1023, 1026 (Me. 1982). When reviewing a governmental body's decision, the court independently examines the record and reviews the decision only overturning the decision when it finds abuse of discretion, errors of law, or findings unsupported by substantial evidence. York v. Town of Ogunquit, 2001 ME 53, ¶ 6, 769 A.2d 172.

Noddin contends the Board made an error of law in determining the trellises are not structures. Interpretation and application of zoning laws are questions of law. Lewis v. Town of Rockport, 1998 ME 144, ¶11, 712 A.2d 1047. Noddin focuses on the Preamble and Sections 101, 305.5, 502.2, 801.1 and 801.2 of the Ordinances in the following ways:

a.     The Board ignored the Preamble, which states in part that the purpose of the Ordinances is... "To provide safety from fire and other elements; to provide adequate light and air; to prevent overcrowding of real estate; to promote a wholesome home environment..."

b.     The Board ignored Section 101, which instructs the Board to define words the Ordinances do not define according to the Webster's Ninth New Collegiate Dictionary. The dictionary defines trellis as, "a structure of thin strips, esp. of wood..." The Board further ignored Section 101's definition of a structure, "anything constructed, built, or erected. The use

2

of which requires more or less permanent location on the ground..." Noddin points out the fact that Ms. Berry sunk the trellises four (4) feet into the ground and they are therefore not easily movable.

c.     The Board ignored section 305.5.  305.5 requires a minimum width side yard of five (5) feet.

d.     The Board ignored section 502.2 which states, "All structures, whether attached to the principal structure of not, and whether open or enclosed, including porches, carports, balconies for platforms above normal grade level, shall not project into any minimum front, side or rear yard.

e.     The Board ignored section 801's permit requirements for all structures.

The findings of fact and conclusions of law indicate the Ordinances do not define trellis and Webster's Ninth New Collegiate Dictionary does not define trellis as a structure.  The Board was not convinced that the trellises were sunk four feet into the ground, and found no evidence that the trellises were set in concrete.  Based on these facts the Board concluded the trellises were removable, did not have a permanent location on the ground, were not attached to something having a permanent location on the ground, and therefore not structures according to the Ordinances.  Therefore, the permit and set back requirements did not apply.  These conclusions led the Board to affirm the C.E.O.'s decision.

In order for Noddin to prevail he must show that the record does not support the Board's decision and further that the record compels contrary findings.  Wiltuck-Watson v. City of Hallowell, et al., No. Civ. A. AP-01-20, 2002 WL 1023627,*5, (Me. Super. April 18, 2002).  Simply because a definition in an ordinance could lead to a different conclusion the Board's decision is not clearly wrong.  Id.  Courts give weight to a municipality's interpretation of an ordinance administered by it, and only overrule the interpretation if the language of the ordinance compels a contrary result.  Griffin v. Town of Dedham, 2002 ME 105, ¶7, 799 A.2d 1239.

3

Based on the findings of fact, and with the appropriate level of deference in mind, Nodin does not show that the record compels a different conclusion and therefore has failed to carry his burden.[1]

THE DOCKET ENTRY IS:

The Brewer Zoning Board of Appeals decision is affirmed.

The clerk is ordered to incorporate this decision into the docket by reference.

_____
Justice, Superior Court

**DATED: December** 12 **, 2002**

---

[1] The Court's ruling does not address any remedies under other civil causes of action the appellants may have.

Date Filed __9/12/01__ _____PENOBSCOT_____ Docket No. __AP-2001-34__
                              County

Action _____CIVIL - 80B Appeal_____

            Title to Real Estate is Involved
       **ASSIGNED TO JUSTICE ANDREW M. MEAD**


BRIAN S. HAMILTON and
PAUL S. NODDIN                          CITY OF BREWER
                              VS.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Brian S. Hamilton, Pro Se<br>171 Wilson Street<br>Brewer, Maine 04412 | Joel A. Dearborn, Sr., Esq., P.A.<br>120 North Main Street<br>P O Box 609<br>Brewer, ME.  04412 |
| Paul S. Noddin, Pro Se<br>171 Wilson Street<br>Brewer, Maine 04412 | |

| Date of Entry | |
|---|---|
| 9/12/01 | Motion to Extend Time Within Which to Appeal filed. |
| 9/13/01 | File presented to Justice Mead for review. |
| 9/14/01 | File returned by Justice Mead.  Upon Motion to Estend Time Within Which to Appeal filed 09/12/2001, Motion Granted.  Time to Appeal Extended to October 5, 2001.  (Mead, J.)  Copies forwarded to Plaintiffs. |
| 9/17/01 | Entry of Appearance filed by Joel A. Dearborn Sr., Esq., P.A. on behalf of Defendant City of Brewer filed.  (s.d.9/14/01) |
| 10/4/01 | Petition For Review of Governmental Action (Rule 80B) filed by Plaintiffs. (Exhibit A attached) |
| 10/11/01 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to attorney and pro se parties of record.  (Brian S. Hamilton, 171 Wilson Street, Brewer, ME.  04412, and Paul S. Noddin, 171 Wilson St., Brewer, ME.  04412.) |
| 11/13/01 | Motion To Extend Time Within Which To File Briefs filed by Plaintiff's. |
| 11/14/01 | Letter received by Joel A. Dearborn, Esq., stating that Plaintiffs' do not object to the granting of motion to extend time within which to file briefs. |
| 11/16/01 | Courts ruling on Plaintiff's Motion to Extend Time to file Briefs filed. Motion granted time to file briefs extended to December 13, 2001. (Mead, J.) Copy forwarded to attorney  of record and to Plaintiffs Pro Se, 171 Wilson St, Brewer, ME   04412 |
| 12/13/01 | Motion to Extend Time within which to File Briefs filed. |
| 12/20/2001 | Court's Ruling on Motion to Extend Time Within Which to File Briefs Filed.  Motion Granted. Time to File Briefs January 10, 2002. (Mead,J) Copy forwarded to all attorneys of record. and Pro Se Parties |