STATE OF MAINE                              SUPERIOR COURT
SAGADAHOC, ss.                              CIVIL ACTION
                                            DOCKET NO. AP-02-13
                                            REC -SAG- 5 /aa, b 004

GREGORY G. GENSHEIMER and
KATHLEEN F. GENSHEIMER,

        Plaintiffs,

    v.                                      ORDER

TOWN OF PHIPPSBURG,

        Defendant.                          DONALD L. GARBRECHT
                                               LAW LIBRARY

                                            JUN 4 2004

        Gregory G. Gensheimer and Kathleen F. Gensheimer (collectively the

Gensheimers) seek administrative review of the Town of Phippsburg (Town) Zoning

Board of Appeals' (ZBA) decision denying the Gensheimers' application for a permit to

utilize and maintain an existing roadbed for use as a private driveway pursuant to M.R.

Civ. P. 80B.

## FACTS

        The Gensheimers own a piece of property that is part of a subdivision known as

the "Newbury Point Subdivision" in Phippsburg, Maine. The relevant portion of the

Gensheimers' property is part of a Resource Protection District. The Gensheimers

applied for a permit to use or maintain a roadbed that apparently has gone out of use,

claiming that the existing subdivision road is dangerous.[1] The Gensheimers have, over

the years, purchased all the lots that contain the old roadbed, and applied to the Town

---

[1] The Gensheimers' daughter was involved in an auto accident on the subdivision road while traveling at only fifteen miles an hour. Both cars involved in the accident were allegedly totaled.

of Phippsburg Planning Board (Board) for a permit to maintain and use a road on the old roadbed.

The Board denied the Gensheimers' request. Following timely appeal to the Zoning Board of Appeals (ZBA), the ZBA affirmed the decision of the Board. The Gensheimers filed this Rule 80B governmental action review in a timely fashion.

## DISCUSSION

On a review of governmental action under M.R. Civ. P. 80B, the Superior Court "review[s] directly the decision of the Board for abuse of discretion, errors of law, or findings not supported by substantial evidence." Chapel Road Assoc., L.L.C. v. Town of Wells, 2001 ME 178, ¶9.[2] Review is limited to the record below unless a motion for trial of the facts is granted. M.R. Civ. P. 80B(d), (f) (2003). The board's decision will be affirmed unless it was unlawful, arbitrary, capricious, or unreasonable. Senders v. Town of Columbia Falls, 647 A.2d 93, 94 (Me. 1994).

The interpretation of the provisions of a town ordinance, such as the Shoreland Zoning Ordinance (Ordinance) in this case, is a question of law. Isis Dev. v. Town of Wells, 2003 ME 149, ¶3, 836 A.2d 1285; Griffin v. Town of Dedham, 2002 ME 105, ¶7, 799 A.2d 1239, 1242. The administrative "agency's construction [of an ordinance] is not conclusive or binding" on this court. Griffin, 2002 ME 105, ¶7, 799 A.2d at 1242. The language of the ordinance is interpreted by "first looking at the plain meaning of the language to give effect to legislative intent." Id. (internal quotation omitted). Any "terms or expressions in an ordinance are to be construed reasonably with regard to

---

[2] The operative decision in this case lies with the Town of Phippsburg Planning Board, and, therefore, this court reviews the decision of the Planning Board directly. See Stewart v. Town of Sedgwick, 2000 ME 157, ¶4, 757 A.2d 773, 775.

both the objectives sought to be obtained and the general structure of the ordinance as a whole." Gerald v. Town of York, 589 A.2d 1272, 1274 (Me. 1991).

The ordinance states that in a Resource Protection District, road and driveway construction is generally not permitted. (R. 14.) This general prohibition contains an exception. The exception in Note 7, which is at the heart of the dispute in this case, reads:

> Except to provide access to permitted uses within the district, or where no reasonable alternative route or location is available outside the RP area, in which case a permit is required from the Planning board.

(Id. (emphasis added).) The Ordinance further states in Section 15(H)(3):

> New roads and driveways are prohibited in a Resource Protection District except to provide access to permitted uses within the district, or as approved by the Planning Board upon a finding that no reasonable alternative route or location is available outside the district, in which case the road and/or driveway shall be set back as far as practicable from the normal high-water line of a water body, tributary stream, or upland edge of a wetland.

(R. 22.)

This case, then, turns on whether the conjunction in Note 7 of the Table of Land Uses, which is "or," may be interpreted as "and"; and whether or not the Gensheimers' home is a "permitted use." Both of these questions are matters of law for the court to determine.

**Table of Land Uses Note 7**

The relevant language from the Table of Land Uses states that road and driveway construction is not permitted in a Resource Protection District unless the construction meets the requirements of the exception in Note 7. (R.14.) The Gensheimers interpret this exception to have its plain meaning providing two distinct exceptions: (1) where there is a permitted use; and (2) where no reasonable alternative exists. The Town, on the other hand, argues that the Board's interpretation of the

Ordinance – that both conditions must be met to obtain a permit – is consistent with the objectives and structure of the Ordinance.

Interpreting the Ordinance to mean "and" is consistent with the objectives and the structure of the Ordinance. If a reasonable alternative were available, it would be nonsensical to allow road construction or improvement in a Resource Protection District where the stated objectives are, inter alia, "to protect fish spawning grounds, aquatic life, bird and other wildlife habitat; [and] to protect archeological and historical resources." (R.1.)[3]

Although as a general rule the terms in legislative enactments should be "given their plain meaning and further judicial interpretation is not necessary," Bureau of Employee Relations v. Me. Labor Relations Bd., 611 A.2d 59, 61 (Me. 1992), in the context of ordinance interpretation, the Law Court requires that the interpretation be consistent with the objectives and structure of the ordinance. Therefore, although the Ordinance would seem to contain two distinct exceptions, the Town correctly interprets the Ordinance to require both a permitted use and no reasonable alternative to build a roadway because of the articulated objectives and the structure of the Ordinance, creating narrow opportunities for parties to build in the Resource Protection District. (See R. 12-14 (prohibiting one- and two-family homes, multi-unit residences, commercial structures, industrial structures, governmental structures, small non-residential structures, and conversion of seasonal properties to year round use; and requiring permits for many other activities).) A contrary reading of the statute would allow a property owner to construct a roadway to an illegal use if no reasonable

---

[3] In addition, the Legislature has established as one of its rules of construction, "The words 'and' and 'or' are convertible as the sense of a statute may require." 1 M.R.S.A. § 71(2).

4

alternative existed or to construct a roadway anytime there was a permitted use in the Resource Protection District.

Because Note 7 in the Ordinance is interpreted as "and" rather than "or," the Ordinance requires that the Gensheimers not only show that they have no reasonable alternative but also that their home is a permitted use. The Board found that the Gensheimers failed to make either showing.

**Reasonable Alternative**

The Board found that a reasonable alternative existed. Early in the hearing, the Board questioned the Gensheimers about the existing road. (R. 70.) The Board Chair stated that she found that the currently used road existed at the time the subdivision was created. (Id.) Mr. Gensheimer admitted that the road was in existence from the time he bought into the subdivision. (R. 71.) The Chair stated that the Gensheimers had used the road for access for sixteen years. (R.73.) Finally, Mr. Gensheimer admits the existing roadway will and should stay. (R. 74.) This testimony supports the finding that there was a reasonable alternative to the proposed construction .

**Permitted Use**

The Gensheimers argue that their home is a permitted use under the Ordinance. It is a legally non-conforming structure, because the Ordinance does not allow single-family homes to be constructed in a Resource Protection District.[4] The Gensheimers rely on the Gerald case for the proposition that a legally non-conforming use may be a permitted use. In Gerald, the Law Court interpreted the terms "permitted use" and

---

[4] None of the maps in the record clearly show that the cottage in question is in the Resource Protection District, but the Gensheimers do not claim that the cottage is located outside of the Resource Protection District. (See R. 65 (showing the topography of the area, which is slightly north of the cottage), R. 68 (showing the location of the cottage).)

"non-conforming use" in the context of the applicable York Wetlands Permit Ordinance. 589 A.2d at 1274.

Unlike Gerald, where the language of the ordinance was broad, the language in the Ordinance in the present case is limited. In Gerald, the definition of "permitted uses" included "Uses as permitted under the Zoning and Regulations of the York Beach Village Corporation and Shoreland Zoning." Id. at 1274. In that case the court interpreted the term in the context of the objectives and purposes of the wetland ordinance. Id. In the present case, however, the term "permitted uses" is not defined, and in the context of this case "permitted uses" is modified by the phrase "within the district." The plain language of this phrase means within the Resource Protection District. As stated in the ordinance, "[t]he Resource Protection District includes areas in which development would adversely affect water quality, productive habitat, biological ecosystems, or scenic and natural values." (R.8.) Accordingly, the court finds, however, that the Gensheimers' cottage is not a permitted use in the Resource Protection District.

The entry is:

The decision of the Town of Phippsburg Planning Board is AFFIRMED.

Dated: May 28, 2004

Robert E. Crowley
Justice, Superior Court

6