STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-63
DHM - KEN- 6/11 2004

TODD VIOLETTE,

Plaintiff

v.

TOWN OF WINSLOW,
LEN POULIN, INC. and
LEONARD D. POULIN, JR.,

Defendants

DECISION AND ORDER

DONALD L. ............
LAW ..........

JUN 17 2004

This matter is before the court on defendant Town of Winslow's motion to dismiss plaintiff's 80B petition and the merits of plaintiff's 80B petition.

This case concerns the proper uses of an old chicken hatchery pursuant to the Town of Winslow zoning ordinance ('the ordinance") and the jurisdiction of the Winslow zoning board of appeals ("ZBA").

Plaintiff, Todd Violette, lives on land in Winslow that is in the Medium Density Residential District. Property abutting his land, owned by Leonard D. Poulin, has an old chicken hatchery that Mr. Poulin uses to store trucks, equipment and supplies for his excavation contracting business. Mr. Poulin's land is in Winslow's Rural District. *See,* Winslow, Me. Zoning Ordinance § 12-48 (March 8, 1999). On March 3, 2003, plaintiff complained to Winslow's code enforcement officer ("CEO"), Frank Stakovitz, about Mr. Poulin's storage of equipment and materials for his business inside and outside the old hatchery building. Plaintiff asserted to the CEO that Mr. Poulin's use the property violated the ordinance's permitted uses in the Rural District.

Plaintiff reports that the CEO told him that he informed Mr. Poulin that he would need approval from the Winslow planning board to continue to operate his

business in and around the former chicken hatchery. After consulting with the Attorney for the Town of Winslow, the CEO was informed that in the Town attorney's opinion low intensity light manufacturing or warehousing was permitted in the Rural District.

On April 7, 2003, the CEO sent Mr. Poulin a letter retracting his opinion that conditional use approval from the planning board was needed for continuation of his use of his property for storage, repair, etc. related to his excavation business. On May 7, 2003, plaintiff filed an appeal of the CEO's April 7, 2003, letter with the Winslow ZBA. On September 16, 2003, the ZBA held a hearing, including consideration of evidence, and concluded that plaintiff's complaint was "not open to appeal of the permit process" because the CEO's action or inaction was a discretionary act of enforcement. The ZBA also held that even if the CEO's decision not to require Mr. Poulin to seek a conditional use permit from the planning board was appealable, it was correct. Further, the ZBA held that Mr. Poulin was not running a truck and heavy equipment repair, sales and service establishment or an automobile service or repair business as defined in the ordinance. Winslow, Me. Zoning Ordinance § 12-68 (March 8, 1999).

On October 30, 2003, plaintiff filed an 80B complaint with this court seeking review and reversal of the ZBA's September 16, 2003 decision. Plaintiff further seeks remand of this matter to the CEO with an order that he issue a Notice of Violation ordering defendant Poulin to "cease repair and storage of commercial trucks and construction equipment at this location."

Winslow filed a motion to dismiss pursuant to M.R. Civ. P. 12(b)(1) and (6) on March 9, 2004.[1]

---

[1] No opposition to this motion has been filed.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). When reviewing a motion to dismiss, the material allegations of the complaint are accepted as true. *Id.* In ruling on a motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862.

Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, ¶ 10, 697 A.2d 1272, 1275.

On appeal, this court independently examines the record and reviews the decision of the municipality for "error of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶10, 763 A.2d 1168, 1171 (*citing Sproul v. Town of Boothbay Harbor*, 2000 ME 30,8, 746 A.2d 368, 372. The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (quoting *Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d 475, 479 (Me. 1982)).

The court is not permitted to "make findings independent of those explicitly or implicitly found by the board or [to] substitute its judgment for that of the board." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991). "The board's decision is not

wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail, the plaintiff must show "not only that the board's findings are unsupported by record evidence, but also that the record compels contrary findings." *Total Quality v. Town of Scarborough*, 588 A.2d 283, 284 (Me. 1991).

The court considers four issues raised by plaintiff by argument in his 80B brief:

1. The ZBA had jurisdiction in this matter as it was not within the prosecutorial discretion of the CEO.

2. The ZBA erred in concluding that defendant Poulin's use of his property is a permitted "re-use of agricultural structures" per the ordinance.

3. The ZBA erred in concluding that defendant Poulin's use of his property is not "truck and heavy equipment repair, sales and service."

4. The ZBA erred in concluding that the uses that defendant Poulin is making of this property that do not qualify as "re-use of agricultural structures" are permitted as "accessory uses and structures for principal uses."

Leaving aside the jurisdictional issue, plaintiff basically argues that defendant Town of Winslow is misinterpreting and misapplying its ordinance. Plaintiff asserts that defendant Poulin's use of the old chicken hatchery was not a "re-use of agricultural structures" as per § 12-48 of the ordinance. Plaintiff cites language from the ordinance that describes the purpose of the Rural District as "to preserve and encourage existing open space . . . while at the same time allowing very low density residential and some limited commercial development." Winslow, Me. Zoning Ordinance § 12-48(a) (March 8, 1999). Plaintiff then points to a list of principal uses allowed in the Rural District, *id.* at 12-48(c), and notes that none of these uses include concentrations of heavy machinery.

Plaintiff notes that the ordinance defines "re-use of agricultural structures" as "[t]he use of existing agricultural structures such as barns, dairy barns, chicken barns and other similar structures for low intensity light manufacturing or warehousing." Winslow, Me. Zoning Ordinance § 12-48(a) (March 8, 1999). Plaintiff further notes that under the heading "General Performance Standards" the ordinance expressly prohibits "the permanent outside storage of goods, equipment, and materials." *Id.* at 12-67(c). Arguing that according to a 2002 Law Court ruling, "the Court must construe an ordinance in accordance with its objective," plaintiff's brief at page 9; citing, *Griffin v. Town of Dedham*, 2002 ME, ¶ 10, 799 A.2d 1239, 1243, plaintiff asserts that this court is "left with no discretion by the plain wording of the Ordinance" that the outside storage of goods, etc. is prohibited.

Before recounting defendant's counterarguments, the court notes that the actual quote from *Griffin* is "the ordinance must be construed with regard to its objectives." *Id.* Construing "with regard to an objective" is quite different than "construing in accordance" with an objective. The former suggests following guidelines mindful of the general goals outlined. The later suggests following orders. Defendant Poulin avers that ZBA's decision to uphold the CEO's determination that Poulin's use of the old chicken hatchery is a proper reuse of an agricultural structure under the ordinance is supported by the record. The ZBA, defendant notes, found that Mr. Poulin's activities inside the old hatchery were "warehousing" and the storage of equipment and materials outside the building was not "permanent." While the ordinance does not define "permanent" it does define "warehouse" to mean ""[t]he storage, deposit or stocking of goods and materials, but excluding retail or wholesale sales on the premises." *Id.* at § 12-68.

Defendant Poulin notes that the ZBA record showed Mr. Poulin's business involves working off site digging etc. ("The nature of my business is to go elsewhere to work, to do site work."). The fact that equipment and materials are moved regularly or even occasionally to job sites makes their tenure at the old chicken hatchery less than "permanent."

While plaintiff's arguments construing the ordinance as forbidding Mr. Poulin's activities are not without merit, they do not compel a contrary result and this court must uphold the ZBA and construe the Winslow ordinance "with regard to its objectives" by finding the ZBA decision supported by substantial evidence in the record. The same support by substantial evidence in the record can be found for the ZBA finding that "Lenny Poulin is not in any way running a 'Truck and Heavy Equipment Repair, Sales and Service' establishment, nor an 'Automobile Service and Repair' business." There is extensive support in the record for the proposition that Mr. Poulin is using this building and its surroundings as a place to store his trucks, machinery and supplies between offsite jobs and at night. No evidence of commercial repairs or any repairs other than repairs to his own equipment is contained in the record.

Where plaintiff asserts that the plain meaning of the ordinance leaves no room for interpretation by the ZBA or this court, both the court and the ZBA are specifically charged with construing the terms of the ordinance "with regard to its objectives." *Griffin v. Town of Dedham*, 2002 ME, ¶ 10, 799 A.2d 1239, 1243. Upholding the decision of the Winslow ZBA, based upon findings supported by substantial evidence in the record, will do just that.

In 1979 our Law Court stated, in a case not cited by either party, "[j]urisdiction is the essential basis upon which all court powers rest, and even willing submission by the parties of their dispute cannot confer it." *Fletcher v. Feeney*, 400 A.2d 1084, 1089 (Me. 1979). Both defendants assert that the ZBA lacked jurisdiction to hear plaintiff's appeal of the CEO's decision not to require defendant Poulin to either cease operations or obtain a conditional use permit. Defendant Town of Winslow further asserts that this court lacks jurisdiction to review what is essentially prosecutorial discretion.

Defendant Poulin cites statutory authority for the proposition that a board's jurisdiction is limited to matters specified in the ordinance. "No board may assert jurisdiction over any matter unless the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board . . ." 30 M.R.S.A. § 2691(4).

Plaintiff points to language in the ordinance that states "[a]nyone with standing, not satisfied that the Code Enforcement Officer has made a proper decision in regard to permits may bring an appeal . . ." Winslow, Me. Zoning Ordinance § 12-15(a) (March 8, 1999). Plaintiff asserts that the decision of CEO that was appealed was the CEO's letter of April 7, 2003. Plaintiff asserts that this letter when taken in conjunction with Winslow's town attorney's letter of April 7, 2003, is clearly "in regard to permits."

Defendant Poulin points to language in the ordinance stating that the ZBA shall "hear and decide appeals concerning alleged errors in any final decision made my the code enforcement officer or planning board for conditional uses." Winslow, Me. Zoning Ordinance § 12-20(a) (March 8, 1999). Defendant argues that nowhere in the ordinance does it state or suggest that the ZBA has jurisdiction to hear appeals of decisions of the CEO related to enforcement.

The ZBA stated in its September 16, 2003 decision: "the Appellant here is seeking an administrative appeal of the [CEO's] exclusive prosecutorial discretion to interpret and enforce building and zoning violations." Defendant Town of Winslow argues that plaintiff is attempting an "end run" around the holding in *Paterson v. Town of St. Albans*, 552 A.2d 549 (Me. 1989) (complaints regarding enforcement issues that develop after the issuance of a permit "are properly subject to the enforcement sections of the zoning ordinance and not open to attack through appeal of the permit issuance." *Id.*).

In sum, both defendants assert that the ZBA decision of September 16, 2003, was advisory only. Defendant Town of Winslow cites a 1995 Law Court ruling for the proposition that enforcement provisions of an ordinance do not provide for an administrative appeal of a CEO's violation determination. *Pepperman v. Town of Rangeley*, 659 A.2d 280, 282 (Me. 1995).

Defendant Town of Winslow also argues that Mr. Violette's appeal is barred by the workings of *res judicata* (actually "collateral estoppel" claim preclusion in this instance). Defendant points to the 1995 decision by the ZBA in an appeal by plaintiff of a decision by the Winslow planning Board to grant a conditional use permit to Mr. Poulin's predecessor in ownership to conduct "light manufacturing and warehousing" at the former chicken hatchery.

While the previous owner did obtain a permit based on the conclusion that his activities would constitute "light manufacturing" and "warehousing," this defendant (Mr. Poulin) presents a very different set of uses. Also, defendant Town of Winslow has not offered support for the proposition that the Johnson decision contained the "essential elements of adjudication." See, *Town of Ogunquit v. Cliff House & Motels*, Inc., 2000 ME 169, ¶ 11, 759 A.2d 731, 735.

The argument that the decision of the ZBA was advisory only is supported both by citation to the ordinance and by Law Court rulings affirmatively stating that ZBA's lack jurisdiction to hear appeals of enforcement decisions. *See, e.g., Herrle v. Town of Waterboro,* 2001 ME 1, ¶¶ 6-9, 763 A.2d 1159, 116-61; *Pepperman,* 659 A.2d at 282.

As of April 14, 2004 this motion has not been opposed by plaintiff. For the reasons discussed above, the entry will be:

> Defendant's motion to dismiss plaintiff's 80B petition is GRANTED; the decision of the Town of Winslow Zoning Board of Appeals is AFFIRMED.

Dated: June____, 2004

Donald H. Marden
Justice, Superior Court

Date Filed _ 10/30/03 _____ __Kennebec_____ Docket No. __AP03-63_____

County

Action ___Rule 80C_____

J. MARDEN

Todd Violette                          vs.   Town of Winslow, Len Poulin, Inc. & Leona

| Plaintiff's Attorney | Defendant's Attorney          D. Poulin, Jr. |
|---|---|
| Clifford H. Goodall, Esq. <br> 61 Winthrop Street <br> Augusta, Maine  04330 | - Peter M. Bickerman, Esq. (Winslow) <br>   105 Farm Brook Road <br>   Sidney, Maine  04330-2503 <br> - Gregory M. Cunningham, Esq. (Poulins) <br>   P.O. Box 9729 <br>   Portland, Maine  04104 |

| Date of Entry | |
|---|---|
| 10/31/03 | Rule 80B Complaint, filed. s/Goodall, Esq.  (filed on 10/30/03) |
| 10/31/03 | Notice of briefing schedule mailed to atty. |
| 11/13/03 | Entry of Appearance on behalf of Defendants Len Poulin, Inc. and Leonard Poulin, Jr., filed.  s/G. Cunningham, Esq. |
| 11/17/03 | Letter entering appearance, filed. s/Beckerman, Esq. |
| 11/20/03 | Acceptance of Service, filed. s/Beckerman, Esq. |
| | Acceptance of Service, filed. s/Cunningham, Esq. |
| 12/10/03 | Motion to Amend Briefing Schedule, filed. s/Goodall, Esq. <br> Proposed Amending Briefing Schedule, filed. |
| 12/23/03 | AMENDING BRIEFING SCHEDULE, Marden, J. <br> The plaintiff's brief is due 70 days after October 30, 2003. <br> Copies mailed to attys of record. |
| 1/16/04 | Administrative Record, filed. s/Goodall, Esq. <br> Plaintiff's Brief, filed. s/Goodall, Esq. |
| 2/13/04 | Town of Winslow Motion for Continuance, filed. s/Beckerman, Esq. |
| 2/17/04 | Defendants Leonard D. Poulin and Len Poulin, Inc.'s Motion for Extension of Time, filed. s/Cunningham, Esq. |
| 2/18/04 | TOWN OF WINSLOW MOTION FOR CONTINUANCE, Marden, J. <br> Motion granted. (time extended to 2/17/04) <br> Copies mailed to attys of record. |
| 2/19/04 | MOTION FOR EXTENSION OF TIME, Marden, J. <br> Responsive brief to be filed no later than March 9, 2004. <br> Copies mailed to attys of record. |
| 3/9/04 | Brief of Defendants Len Poulin, Inc and Leonard Poulin, Jr., filed. <br> s/G. Cunningham, Esq. |
| 3/10/04 | Town of Winslow's Responsive Brief and Motion to Dismiss Under Rules 12(b <br> (1) and (6) and Incorporated Memorandum, filed. s/Beckerman, Esq. <br> Request for Hearing, filed. s/Beckerman, Esq. <br> Proposed Order |