1998 ME 184

**Ruth B. WRIGHT, et al.[1]**

v.

**TOWN OF KENNEBUNKPORT et al.**

**Jeffrey N. COHEN [2]**

v.

**TOWN OF KENNEBUNKPORT et al.**

Supreme Judicial Court of Maine.

Argued June 8, 1998.
Decided July 23, 1998.

---

1. No issue has been raised and we express no opinion regarding the issues in *Wright v. Shaw,* CV–96–398.

2. Jeffrey N. Cohen, the trustee of the Cape Porpoise Realty Trust, was substituted as a party for Thomas Benenti.

F. Paul Frinsko (orally), Joan M. Fortin, Ann L. Rudisill, Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for plaintiff Jeffrey Cohen.

John C. Bannon (orally), Murray, Plumb & Murray, Portland, for plaintiff Ruth and Charles Wright.

William H. Dale (orally), Natalie L. Burns, James Katsiaficas, Jensen, Baird, Gardner & Henry, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶1] Jeffrey N. Cohen appeals from the judgment entered in the Superior Court (York County, *Perkins, A.R.J.*) affirming the decision of the Kennebunkport Zoning Board of Appeals in which the Board revoked a building permit issued to Thomas Benenti by the code enforcement officer (CEO) of the Town of Kennebunkport. On appeal Cohen contends that the Board lacked jurisdiction to hear the appeal because Charles and Ruth Wright, the individuals who challenged the CEO's decision to issue the permit to Benenti, failed to appeal the CEO's decision within the period specified by the Kennebunkport Land Use Ordinance. Because the Wrights' appeal was too late to invoke the Board's authority, we vacate the judgment.

I.

[¶2] In April 1996 Charles Wright observed the Town's plumbing inspector taking

measurements for a septic system on a parcel of land owned by Benenti and adjacent to the Wright property. Wright had previously been informed by one of Benenti's tenants that Benenti intended to apply for a building permit. Wright contacted the CEO, who confirmed that Benenti had applied for a building permit and who agreed to provide Wright with a copy of Benenti's application and other documents regarding the project. On May 1, 1996, the CEO issued a permit authorizing Benenti to construct a single-family dwelling on his property. The CEO notified the Wrights of his decision within days after the permit was issued. On June 14, 1996, the Wrights wrote to the CEO requesting that he revoke the permit because it violated provisions of the Town's Land Use Ordinance and its Floodplain Management Ordinance. On July 25, 1996, the CEO informed the Wrights that he would not revoke the permit because they had failed to appeal to the Board within 30 days of the issuance of the permit pursuant to section 9.3(A) of the Land Use Ordinance. On July 31, 1996, the Wrights appealed the CEO's decision to the Board and filed a complaint in the Superior Court, seeking, *inter alia*, a review of the CEO's refusal to revoke the permit and requesting an extension of time to file their appeal from the CEO's decision.

[¶ 3] After a public hearing, the Board determined that it could hear the Wrights' appeal because they were challenging the CEO's decision of July 25, 1996, in which he refused to revoke the permit. The Board concluded that the permit was issued in error and ordered that it be revoked. Benenti thereafter filed a complaint in the Superior Court seeking direct judicial review of the Board's decision pursuant to 30-A M.R.S.A. § 2691 (1996). The two actions were consolidated, and in November 1997 the court affirmed the decision of the Board. In doing so, the court determined that the Board had authority to hear the appeal and that if the Wrights were not granted an extension of time to appeal, a flagrant miscarriage of justice would occur. This appeal followed.

## II.

[¶ 4] Section 9.3(A) of the Kennebunkport Land Use Ordinance provides that "[a]ny person aggrieved by a decision of the Code Enforcement Officer may appeal that decision by filing an application on forms provided for that purpose with the Town Clerk within thirty days of the decision." Kennebunkport, Me., Land Use Ordinance, § 9.3(A) (1991). Neither the Town nor the Wrights dispute that the Wrights failed to appeal the issuance of the permit within the requisite 30-day period, or that the Wrights knew, within days of its issuance, that the CEO had granted Benenti a permit. Rather, they contend that the CEO's letter refusing to revoke the permit constituted a "decision" within the meaning of section 9.3(A) and that because the Wrights appealed that "decision" within 30 days, their appeal is timely. We disagree.

[¶ 5] The meaning and construction of a statute is a question of law. *Community Telecomm. Corp. v. State Tax Assessor*, 684 A.2d 424, 426 (Me.1996). An agency's interpretation of a statute or regulation it regularly administers is to be granted "great deference" and must be upheld unless the regulation "plainly compels a contrary result." *Berube v. Rust Eng'g*, 668 A.2d 875, 877 (Me.1995). Although we afford an agency's interpretation of a statute or regulation great deference, its construction is not conclusive on the Court. *Id.* Moreover, we construe a statute to avoid absurd, illogical, or inconsistent results. *Estate of Whittier*, 681 A.2d 1, 2 (Me.1996).

[¶ 6] If we were to adopt the Board's construction of section 9.3(A), then the 30-day time limit would become a nullity. An individual aggrieved by a CEO's decision to issue a permit could bypass the 30-day appeal deadline simply by requesting that the CEO revoke the permit. "Only petitions for rehearing filed pursuant to officially adopted procedures[, however,] can be relied on to toll a limitations period." *Otis v. Town of Sebago*, 645 A.2d 3, 4 (Me.1994). Strict compliance with the appeal procedure of an ordinance is necessary to ensure that once an

individual obtains a building permit, he can rely on that permit with confidence that it will not be revoked after he has commenced construction.

[¶ 7] The Town's contention that because the permit was void *ab initio* it could be revoked after the 30–day appeal period expired is also unavailing. The invalidity of the permit does not have any bearing on whether the Board had the authority to hear the Wrights' appeal. Moreover, the Board's reliance on the Wrights' failure to discover the invalidity of the permit until after the appeal period had expired is also misplaced. The alleged illegality of the permit existed at the time of its issuance, and by using reasonable diligence the Wrights could have discovered its illegality.

[¶ 8] Finally, the court erred by finding that the principles enunciated by our decision in *Keating v. Zoning Bd. of Appeals of Saco*, 325 A.2d 521 (Me.1974), are applicable to the facts of the present case. In *Keating*, the applicable ordinance did not designate a time period in which an aggrieved party could appeal. We therefore fixed a period of 60 days as the length of time within which an appeal must be taken in those situations in which the applicable ordinance fails to designate a time limit. *Id.* at 525. We further explained that an exception to the general appeal period is permitted "in those special situations in which a court of competent jurisdiction finds special circumstances which would result in a flagrant miscarriage of justice unless, within a narrowly extended range, a time longer than the general norm is held 'reasonable.'" *Id.* at 524. In this case the Kennebunkport ordinance designated a 30–day appeal period. The judicially created *Keating* exception is therefore not applicable.[3]

The entry is:

Judgment vacated. Remanded with direction to enter a judgment reversing the decision of the Zoning Board of Appeals.

---

**3.** Because the facts of this case do not merit such a determination, we need not decide whether a court can grant an extension of time within which to appeal to an aggrieved party who does not have knowledge of the issuance of a permit until after the appeal period has expired in those situation in which the applicable ordinance designates an appeal period but does not provide for a waiver of the limitations period upon a showing of good cause.