STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                             CIVIL ACTION
                                                            DOCKET NO. AP-99-107
                                                            REC-CUM - 6/13/2000

EVERETT F. JOHNSON, JR. and            )
LINDA B. JOHNSON,                      )
                                       )
                 Plaintiffs,           )
                                       )                    ORDER ON 80B APPEAL
                                       )
v.                                     )
                                       )
TOWN OF CAPE ELIZABETH and             )
1231 ASSOCIATES, INC.,                 )
                                       )
                 Defendants.           )


FACTUAL BACKGROUND

Plaintiffs own property in Cape Elizabeth on Shore Road. They use their property for a combination of residential and business purposes. Adjacent to the east of Plaintiffs' property is Defendant 1231 Associates' property ("Defendant's property"), located at 1231 Shore Road. Both properties are located in the "Town Center District" of Cape Elizabeth.

Plaintiffs have an easement across the defendant's property in the form of a shared driveway that runs along the eastern border of Plaintiffs' land and extends about sixteen feet in width onto Defendant's property. R. at 16. The driveway is about forty-five feet long, and is Plaintiffs' sole access to the parking lot located at the rear of their property. Id. Plaintiffs obtained the easement when they purchased their property in 1992. See Plaintiffs' Reply Brief at 3.

1231 Associates seeks to build a 40-seat restaurant on its property. Cape

Elizabeth's Zoning Ordinance ("Ordinance") requires that a restaurant of that size include 15 parking spaces to accommodate patrons and employees. See Ordinance 19-7-8(B)(4)(c)(7). 1231 Associates' plan for the project situates ten of the spaces to the rear of the restaurant, and five along the western wall of the restaurant building, between the building and Plaintiffs' property. These five spaces are the source of Plaintiffs' discontent with the plan.

The Cape Elizabeth Planning Board ("PB") conducted a site walk on September 7, 1999, and held a public hearing on September 21, 1999, in order to consider 1231 Associates' site plan. Plaintiffs submitted written comments to the PB before the hearing and testified at the hearing. Plaintiffs object to the plan, asserting it will increase noise, traffic, car exhaust and headlights and decrease the value of their property. R. at 22. On October 19, 1999, the PB voted to approve 1231 Associates' application. The PB held that the application substantially complies with the Ordinance's Site Plan and Town Center Design Requirements. See Sections 19-6-4(D)(3), 19-9; R. at 22, 32. On November 1, 1999, the PB refused to reconsider its decision.

Plaintiffs now appeal the PB's decision, contending that the PB erred when it did not apply the Ordinance's 15-foot setback requirement to the Associates' 5-space parking lot on the western side of the future restaurant.


DISCUSSION

The PB's decision will be affirmed unless Plaintiffs prove that it was arbitrary,

2

capricious, contrary to law or lacking the support of substantial evidence in the record. Kosalka v. Town of Georgetown, 2000 ME 106, ¶10, -- A.2d -- (June 1, 2000). Ordinance interpretation is a question of law for the courts. See Peterson v. Town of Rangeley, 715 A.2d 930, 932 (Me. 1998). The court's interpretation of the Cape Elizabeth Ordinance requirements is "guided by the language, objectives, and general structure of the ordinance." Dyer v. Town of Cumberland, 632 A.2d 145, 148 (Me. 1993).

The Town Center Zoning District permits restaurants with a maximum of 75 seats. Pursuant to 19-7-8(B)(4)(c)(7), the Associates' restaurant, with its 40 seats, must have 15 parking spots. Section 19-7-8(B) requires each parking space to be 18 feet long. Section 19-7-8(B)(3) requires that an "aisle width" of 24 feet be provided when spaces are set up at 90 degree angles from the aisle. Therefore, the space necessary to contain the required aisle and parking spaces is 42 feet of width. The Associates' plan shows a total of 43 feet between the Johnsons' property line and the western wall of the planned restaurant. Contained within the 43 feet is the 16 feet of the shared driveway. The Johnsons complain that the plan does not include an allowance for the Ordinance's 15-foot setback requirements for "Parking Including Parking Aisles." See Ordinance §19-6-4(D)(2).

Defendants argue that the setback requirement does not apply here because the plan falls into an exception from the parking setback requirements for "shared parking lot[s] at the common property line." See Section 19-6-4(D)(2) ("[p]arking setback may be reduced to 0 ft. for a shared parking lot at the common property

line"). The Ordinance does not define "shared parking lot." However, undefined terms are to be given their common meaning unless the context of the ordinance clearly indicates otherwise. See Lewis v. Town of Rockport, 712 A.2d 1047, 1049 (Me. 1998).

Section 19-1-3 of the Ordinance defines "parking lot" as "[a] lot or part thereof used for or designed for the parking of three (3) or more vehicles in conjunction with a use other than a single family home. The parking lot includes the parking *spaces, aisles, and access ways.*" (emphasis added). The Defendants contend that the PB implicitly applied the "shared parking lot" exception in this case. Crucial to their argument is the focus on the three components of "parking lot" contained in the definition. Defendants argue that Plaintiffs and Associates share a "parking lot" by virtue of sharing the same access way to their respective parking lots. Defendants state that because Plaintiffs can use the "access way" at their discretion, and accessways are one of three components of "parking lots" as defined by the Ordinance, that the parking lot is shared. Plaintiffs disagree, claiming that the parking lot is not shared because they will not be able to use the Associates' parking *spaces* at their discretion.

The PB made few findings of fact, and none addressed the reasons that the PB did not apply the setback requirement to the Associates' plan. However, the PB implicitly found that the plan meets all of the site plan review regulations and Town Center design requirements. See Forester v. City of Westbrook, 604 A.2d 31, 33 (Me. 1992) ("inadequacy of the findings is not, by itself, reason to overturn the

4

Board's decision.... if there is sufficient evidence on the record, the Board's decision will be deemed supported by implicit findings"). The lack of definition of a "shared parking lot" makes the requirement of a setback ambiguous, and the PB is the appropriate body to resolve ambiguity.

It appears that the PB decided that the shared accessway, which serves as both the Associates' and Plaintiffs' sole access to their separate parking spaces, creates a "shared parking lot" as intended by Ordinance. See Wright v. Town of Kennebunkport, 1998 ME 184, ¶5, 715 A.2d 162, 164 (administrative interpretation of regulation is to be given "great deference" and may not be overturned unless the regulation "compels a contrary result"). This interpretation has support in the stated goals of the Ordinance's Town Center design requirements, which are to foster a close community by calling for as little paved surface as possible and as many shared curb cuts as possible. See Ogunquit Sewer District v. Town of Ogunquit, 1997 ME 33, ¶13, 691 A.2d 654, 658 (upholding Board's decision where its conclusions were "consistent with policies enumerated in the comprehensive plan"); Ordinance, Section 19-6-4 ("the purpose of this district is to encourage an identifiable Town Center that includes a village feeling, mixed retail and residential uses, an environment inviting to pedestrians..."); Section 19-6-4(D)(3)(d) cmt. under illustration ("shared parking and shared driveways are encouraged"); Section 19-6-4(e)(2) ("an expanse of gravel or asphalt parking can appear barren and hostile for pedestrians...Parking lots shall be designed and landscaped to be compatible with the pedestrian-friendly purpose of the Town Center District").

5

Since the accessway, one component of a "parking lot," is shared, the PB's implicit determination that the proposal includes a "shared parking lot" is supported by substantial evidence on the record and does not compel a contrary result. The site plan approval must be upheld. Sproul v. Town of Boothbay, 2000 ME 30, ¶8, 746 A.2d 368, 372 ("substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion").

The entry is

Plaintiffs' 80B Appeal is DENIED.

Dated:    June 13, 2000

Robert E. Crowley
Justice, Superior Court

6

| | |
|---|---|
| Date Filed __11-18-99__ | CUMBERLAND |
| | County |

Docket No. __AP 99-107__

Action __APPEAL 80(B)__

| | |
|---|---|
| EVERETT F. JOHNSON, JR. | TOWN OF CAPE ELIZABETH |
| LINDA B. JOHNSON | 1231 ASSOCIATES |

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| WILLIAM L. PLOUFFE, ESQ 772-1941 | MICHAEL HILL ESQ. (Cape Elizabeth) 774-39 |
| PO BOX 9781, PORTLAND ME 04104 | PO BOX 7046, Portland 04112 |
| | |
| | SALLY J. DAGGETT ESQ  775-7271 (1231) |
| | PO BOX 4510 PM  04112 |

| Date of Entry | |
|---|---|
| 1999 Nov. 18 | Received 11-18-99: Complaint Summary Sheet filed. Complaint filed. |
| "     " | |
| Nov. 19 | On 11-19-99. Briefing schedule mailed. Plaintiff's brief due 12-28-99. |
| Nov. 29 | Received 11-29-99. Entry of Appearance of Michael H. Hill, Esq. on behalf of Town of Cape Elizabeth filed. |
| Dec. 01 | Received 12.01.99: Defendant 1231 Associates Answer filed. |
| Dec 22 | Received 12-21-99. Acknowledgement of Receipt of Summons and Complaint showing service on defendant, 1231 Associates, on 1-29-99 to Sally Daggett, Esq. |
| "" | Acknowledgement of Receipt of Summons and Complaint showing service on 11-23-99 upon defendant, Town of Cape Elizabeth, to Michael Hill, Esq. |
| Dec. 28 | Received 12.28.99: Plaintiff's Brief filed. |
| "     " | Plaintiff's Record filed. |
| 2000 Jan. 04 | Received 01.03.00: Plaintiff's Correction to the Record filed. |
| Jan. 21 | Received 01/21/00: Defendant 1231 Associates' Motion to Preserve the Status Quo Regarding Site Plan Approval Time Periods with Incorporated Memorandum of law in Support Thereof filed. |