STATE OF MAINE                                          SUPERIOR COURT
                                                         CIVIL ACTION
YORK, ss.                                          DOCKET NO. AP-07-033


NORMA S. KRAMER, et al.,

               Plaintiffs


        v.                                              ORDER


THE TOWN OF KITTERY,
et al.,

               Defendants


        This case comes before the Court on Plaintiffs Norma S. Kramer, Samuel K.

Kramer, Jr. and Craig C. Wilson's appeal pursuant to M.R. Civ. P. 80B, of a decision of

the Kittery Planning Board granting a permit to Defendants Light Tower Wireless, LLC

and Nextel Communications of the Mid-Atlantic, Inc. to construct a wireless

communications service facility in Kittery, Maine.  Following hearing, the appeal is

Denied.

## PROCEDURAL AND FACTUAL BACKGROUND

        In May 2005 Defendants Light Tower Wireless, LLC (Light Tower) and Nextel

Communications of the Mid-Atlantic, Inc. (Nextel) sought a variance from the Town of

Kittery Zoning Board of Appeals (ZBA) to erect a wireless communication service

facility (WCSF) (including a telecommunications tower) on property owned by Hannah

E. McCloud in Kittery, Maine (Property).  The ZBA denied the application.[1]

---

[1]     Under the Town of Kittery Land Use and Development Code (Ordinance) Section
16.32.1190(B)(1), a wireless communication service facility (WCSF) may not be erected beyond a
specific area north of Dennett Road.  The proposed WCSF was outside of the allowed area.

Rather than appeal the decision of the ZBA immediately, Light Tower and Nextel brought suit in Federal District Court alleging that the denial of a zoning variance violated 47 U.S.C. § 332(c)(7)(i), the Federal Telecommunications Act of 1996 (TCA). The Town of Kittery (Town) and the ZBA were defendants in the Federal District Court action. The District Court action was resolved by consent agreement and a resulting consent order (Consent Order), dated December 15, 2005, wherein the ZBA agreed to issue a variance with conditions to Light Tower and Nextel. The Order stated that it would serve as the "certificate of variance" pursuant to 30-A M.R.S.A. §4353(5).

After the variance was issued, Nextel and Light Tower filed for site plan approval with the Town of Kittery Planning Board (Planning Board). On July 19, 2007, after a full public hearing process,[2] the Planning Board granted approval to Nextel and Light Tower for the WCSF. This appeal followed.

Plaintiffs assert that the Planning Board's approval was an error of law because 1) a valid variance was never granted to Nextel and Light Tower by the ZBA; 2) the Planning Board failed to comply with Ordinance Section 16.32.1190(B) in not requiring a 187.5 foot vegetated buffer around the WCSF; and 3) under the Ordinance Nextel and Light Tower are required to guarantee that buffers are in place, which guarantee they cannot make because they lack title or interest sufficient to guarantee the integrity of the buffers.

## DISCUSSION

### I.  Standard of Review

The Court reviews a local board's decision for error of law, abuse of discretion, or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175. The interpretation of an ordinance is a

---

[2]  Plaintiffs attended and participated in public hearings on the matter. (Pl. Br. at 4.)

question of law that the Court reviews *de novo*. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.2d 783, 786 (citing *Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 7, 772 A.2d 256, 259). That interpretation is guided by the "ordinances specific object and its general structure." *Id.* (quoting *Lewis v. Town of Rockport*, 1998 ME 144, ¶ 11, 712 A.2d 1047, 1049). An ordinance is construed to "avoid absurd, illogical or inconsistent results." *Id.* (quoting *Wright v. Town of Kennebunkport*, 1998 ME 185, ¶ 5, 715 A.2d 162, 164).

## II.     Variance

Plaintiffs assert that Nextel and Light Tower do not have a variance allowing construction of a WCSF on the Property because the variance was part of a Federal District Court order and thus not in compliance with Maine law. In their reply brief, Plaintiffs withdrew the appeal on this issue.

## III.     Setbacks

Plaintiffs further assert that the Planning Board failed to comply with the Ordinance in not requiring Nextel and Light Tower to maintain an undisturbed vegetated buffer within the 187.5 foot setback surrounding the WCSF and in not requiring that Nextel and Light Tower have control over the entire setback area. Plaintiffs correctly assert that review by this Court of a local ordinance is *de novo*. *See Isis Dev., LLC v. Town of Wells*, 2003 ME 149, ¶ 2 n.4, 836 A.2d 1285, 1287.

### a.  Requirements of Setback

Under the Ordinance Section 16.32.1190(B)(3), 1) [a]ll telecommunication towers shall be set back from the lot lines a distance equal to at least one hundred twenty-five (125) percent of the tower height,[3] and 2) [t]ower, guyed wires and accessory facilities

---

[3]     The distance in this case is 187.5 feet.

3

must meet the minimum zoning district setback requirements.[4] Additionally, all WCSF setbacks must be maintained "as undisturbed vegetated buffers, except for the access road. . . ." Ordinance Section 16.32.1190(B(4)(b).

It is undisputed that the tower meets the 187.5-foot setback requirement and that the accessory buildings meet the minimum zoning district setback requirements. Plaintiffs argue, however, that the setback requirement mandates a vegetated buffer of 187.5 feet measured from the base of the tower, within which accessory structures may not be constructed. Nextel and Light Tower counter that the Ordinance is inconsistent in that certain safety structures are required around a tower (i.e. security fence), that necessarily make a fully vegetated buffer free of man made structures impossible.

Plaintiffs rely partially on the Ordinance definition of "Tower" to conclude that a vegetated buffer of 187.5 feet should extend from the outer limits of all accessory buildings included as part of the WCSF. As Plaintiff correctly observes, it is a fundamental rule of statutory construction to give the words "their plain and ordinary meaning." (Pl. R. Br. at 5 (citing *Merrill v. Town of Durham*, 2007 ME 50, ¶14, 918 A.2d 1203, 1206.) A plain reading of the Ordinance definition of "Tower" is that only a

---

[4]  Ordinance definitions pertinent to the analysis are:

"**Buffer**" means a combination of physical space and vertical elements, such as plants, berms, fences, or walls, the purpose of which is to separate and screen incompatible land uses from each other.

"**Setback**" means the minimum horizontal distance required from either the upland edge of a wetland or the normal high-water line to the nearest part of a structure . . . , road, parking area, or other regulated structure or activity

"**Tower**" means any structure, whether freestanding or in association with a building or other permanent structure, that is designed and constructed primarily for the purposes of supporting one or more antennas, including self-supporting lattice towers, guyed towers, or monopole towers.  The term includes radio and television transmission towers, microwave towers, common-carrier towers, cellular telephone towers, alternative tower structures, and similar structures.

"**Vegetation**" means all live trees, shrubs, ground cover, and other plants including without limitation, trees, both over and under four inches in diameter, measured at four and one-half feet above ground level.

4

structure integral with the tower itself, as distinguished from accessory buildings, would be included within the definition of tower. Accessory buildings are not included. This is supported by the differing setback requirements under Ordinance Section 16.32.1190(B)(3) for towers and accessory facilities.

That interpretation of the Ordinance, however, does not resolve the ambiguity between the differing setback requirement for towers and accessory buildings with the mandate to have an "undisturbed vegetated buffer." Ordinance Section 16.32.1190(B)(4)(b). Plaintiffs suggest that the accessory buildings should be required to be outside the 187.5-foot tower setback. The Town interprets the Ordinance to mandate the vegetated buffer for the WCSF as a whole, thus the vegetated buffer would be mandatory from the outer limits of the accessory buildings. The Court finds the Town's interpretation of the Ordinance both reasonable and consistent with the specific object and the general structure of the Ordinance as a whole. Ordinance Section 16.32.1190(B)(3)(1) specifically addresses telecommunication towers; whereas Ordinance Section 16.32.1190(B)(4)(b) refers to a WCSF. To apply the vegetated buffer requirement to an individual tower creates an unnecessary ambiguity in the Ordinance.

Accordingly, under the Ordinance, Nextel and Light Tower must only have an undisturbed vegetated buffer within the minimum zoning district setback requirements.

b.    **Control of Setback**

Finally, Plaintiffs claim that the approval must fail because Nextel and Light Tower do not have title or control over all of the property within the setbacks. Plaintiffs cite to Ordinance Section 16.36.060(B)(3)(a), which states that an applicant, in order to obtain approval for a proposed project, must provide "[a] copy of the documents showing legal interest of the applicant in the property to be developed." They argue

5

that, without control of the buffer zone, they cannot comply with the Ordinance mandate to maintain "undisturbed vegetated buffers." *See* Ordinance Section 16.32.1190(B(4)(b).

Nextel and Light Tower do not claim title or right to the entire buffer area around the WCSF. They assert that no control is required under the Ordinance and that such control is unnecessary, as failure to comply can be addressed through enforcement measures. The Town agrees.

At both the administrative hearing level and before the Superior Court, Ms. McCloud, who owns the property being leased, as well as the property constituting the buffer zone outside the leasehold premise, has supported this application. She is a party to the Superior Court action. She will be bound by its outcome and her property will be encumbered by the obligation to preserve the buffer zone.[5]

The entry will be as follows:

The Plaintiffs' Rule 80B appeal is Denied. The decision of the Kittery Planning Board is Affirmed.

Dated: May 7, 2008

G. Arthur Brennan
Justice, Superior Court

Plaintiff:
John C. Bannon, Esq.
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME   04104-5085

Town of Kittery:
Duncan A. McEachern, Esq.
MCEACHERN & THORNHILL
PO BOX 360
KITTERY ME 03904

Nextel Comm.
PAMELA A PETERSON ESQ
DEVINE MILLIMAN & BRANCH PA
111 AMHERST ST
MANCHESTER NH   03101

Light Tower Wireliess:
CHRISTOPHER MULLIGAN ESQ
BOSEN & SPRINGER
ONE NEW HAMPSHIRE AVE., SUITE 215
PORTSMOUTH NH   03801

Hannah McCloud:
BRADLEY LOWN ESQ
COUGHLIN RAINBOTH MURPHY& LOWN
439 MIDDLE ST
PORTSMOUTH NH   03801

---

[5]    At hearing a site plan was displayed which failed to clearly depict that the buffer zone extended beyond the leased premise and onto land that Ms. McCloud owned. It would be prudent to modify the site plan before recording to give constructive notice of the limitations imposed on the use of this portion of the McCloud property.