STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-11-40
TDW—CuM- 12/30/2011

C. MATTHEW RICH,

        Plaintiff

v.

        ORDER

TOWN OF HARPSWELL, et al

        Defendants.

STATE OF MAINE
Cumberland ss. Clerk's Office
DEC 30 2011
RECEIVED

Before the court is an appeal pursuant to Rule 80B from a July 27, 2011 decision of the Harpswell Board of Appeals finding that C. Matthew Rich's appeal from the September 16, 2010 issuance of a building permit to neighboring property owners was untimely.

The specific motion before the court is a motion by Rich pursuant to Rule 80B(d) for a trial of the facts as to whether good cause existed to allow a late appeal. The Town and the party to whom the building permit was issued contend that Rich's motion for a trial of the facts should be denied on various procedural grounds and because they contend that all necessary facts to decide whether "good cause" existed are already contained in the record and the pleadings before the court.[1]

It is undisputed that a building permit was issued to Michael Hamblyn on September 16, 2010 to allow him to relocate an existing structure farther from the shore and install a new foundation. R. Tab 8, R. Tab 10. Rich's complaint and his offer of proof accompanying his motion for a trial of the facts acknowledge that Rich was aware

_____

[1] Shortly after filing his motion for a trial of the facts, Rich also filed his brief on the merits. At their request, the court has stayed the deadline for the Town and the parties in interest to file responsive briefs.

during the fall of 2010 that construction was underway at the Hamblyn property. Complaint ¶ 15; Offer of Proof ¶¶ 8-10. In May 2011 Rich made certain complaints to the Code Enforcement Officer that Hamblyn and the co-owner of his property were improperly expanding a non-conforming structure. Complaint ¶ 16; Offer of Proof ¶ 20.[2] Rich alleges that in following up these complaints in late June of 2011 he reviewed the permit file and learned that the permit that had been issued should have been issued by the Planning Board rather than by the code enforcement officer. Complaint ¶ 17; Offer of Proof ¶¶ 25-28.

On July 6, 2011 Rich filed an appeal from the September 16, 2010 issuance of the building permit to the Board of Appeals. Complaint ¶ 19.

Good Cause Exception

Rich's motion for a trial of the facts requires consideration of the good cause exception. Under § 14.2.1 of the Harpswell Zoning Ordinance, appeals taken from a decision by the code enforcement officer shall be taken within 40 days of the decision appealed from "and not otherwise, except that the Board, upon a showing of good cause, may waive the 40 day requirement." In this case Rich's appeal was filed almost nine months after the issuance of the permit, and the Board of Appeals did not find good cause. See R. Tab 1 at p. 2.

While most factual decisions by an administrative body are reviewed under a deferential standard, the Law Court has held that whether good cause existed is a decision to be made judicially. Brackett v. Town of Rangeley, 2003 ME 109 ¶ 17, 831

---

[2] It appears that these complaints were made orally. This was during the same time period when Rich was also objecting to a March 2011 application by Hamblyn for a permit under the Wharf and Weir Act to construct a pier on the shore of his property. No permit for a pier has been issued.

2

A.2d 422, 428. In order to find good cause, the court must find that there are special circumstances which would result in a flagrant miscarriage of justice "unless, within a narrowly extended range, a time longer than the general norm is held reasonable." Brackett, 2003 ME 109 ¶ 23, 831 A.2d at 429 (emphasis added), quoting Keating v. Zoning Board of Appeals of Saco, 325 A.2d 521, 524 (Me. 1974).

The factors to be considered in determining whether good cause exists include the following: whether the party seeking to appeal received notice of the issuance of the permit, whether the municipality violated its own ordinance in issuing the permit, whether the permit holder violated the terms of the permit, and the amount of time the appellant waited to file the appeal after obtaining actual knowledge of the permit. Viles v. Town of Embden, 2006 ME 107 ¶ 13, 905 A.2d 298, 302.

Rich did not receive notice of the issuance of the permit. He also contends that the issuance of a permit by the code enforcement officer violated Harpswell's zoning ordinance because the code enforcement officer was required under § 10.3.2.3 of the ordinance to give notice of any relocation of a non-conforming structure to the Planning Board and all property owners within 250 feet of the applicant's property so that the Planning Board could elect to exercise jurisdiction over the permit application.[3] Although both the Town and the parties in interest contend that Rich cannot show good cause for his delay in appealing, it does not appear that they necessarily contest Rich's assertion that § 10.3.2.3 was applicable and should have been followed in this case.

The court concludes that all of the relevant facts with respect to the good cause issue are already contained in the record, and there is no need for a trial of the facts on

---

[3] There are also assertions in the record that the construction performed on Hamblyn's lot did not comply with the approved permit application. E.g., Transcript of July 27, 2011 hearing at 8. However, it appears that Rich has a separate remedy for any violations of the permit that was issued.

3

that issue. This conclusion is confirmed by the fact that Rich has already filed his brief on the merits. If the Town and the parties in interest disagree with any of the factual assertions (as opposed to the legal arguments or conclusions) contained in Rich's offer of proof, they shall identify any such disagreements in their briefs and if the court determines that such disagreements are material, it may reconsider its denial of Rich's Rule 80B(d) motion.

One additional point needs to be made with respect to the future course of this case. The question before the court is whether, once Rich learned in the fall of 2010 that construction was underway, he was obliged to act more promptly to review the permit application and file an appeal or whether the existence of the other factors referred to above is sufficient to excuse his delay in filing an appeal until the following summer.

Rich contends that the Board of Appeals based its decision that good cause did not exist solely on his delay in filing the appeal and did not consider the other factors listed in Viles v. Town of Embden. See Brief of Appellant filed October 18, 2011 at 8-10. He argues that the case should be remanded to the Board for further consideration of whether good cause existed. Id.

There are instances in the procedural history of the Brackett and Viles cases where cases were remanded to municipal boards for further hearings on good cause. As noted above, however, Brackett emphasized that whether good cause existed is ultimately a judicial decision. 2003 ME 109 ¶ 17, 831 A.2d at 428. In Brackett the Law Court itself determined that good cause existed and remanded for a hearing on the merits. 2003 ME 109 ¶ 24, 831 A.2d at 429. In Viles the Law Court affirmed a determination by the Superior Court that good cause existed. 2006 ME 107 ¶ 18, 905 A.2d at 303.

4

As a result, the court concludes that good cause is not an issue that may potentially require further consideration by the Board of Appeals but is instead an issue that this court is required to decide once the issue has been fully briefed.

The entry shall be:

Plaintiff's motion for a trial of the facts is denied. The Town and the parties in interest shall have 30 days from the date of this order in which file their responsive briefs to the brief filed by plaintiff and plaintiff shall then have 14 days in which to file a reply brief. If the Town and the parties in interest disagree with any of the factual assertions contained in plaintiff's offer of proof, they shall identify any such disagreements in their briefs.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 29, 2011

Thomas D. Warren
Justice, Superior Court

5

Date Filed 09-08-11  Cumberland County  Docket No. AP-11-40

Action 80(B) Appeal

C. MATTHEW RICH

INHABITANTS OF THE TOWN OF HARPSWELL
MICHAEL HAMLYN - PII
DEBRA BODWELL - PII

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DOUGLAS J. PAYNE, ESQ.<br>PO BOX 550<br>BRUNSWICK, ME 04011 | → SCOTT D ANDERSON ESQ (M HAMLYN) *Bodwell*<br>VERRILL & DANA<br>PO BOX 586<br>PORTLAND ME 04112-0586<br>→ SALLY DAGGETT ESQ (TOWN)<br>JENSEN BAIRD GARDNER & HENRY<br>PO BOX 4510<br>PORTLAND ME 04112 |

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-11-40

TDW - CUM 4/13/2012

C. MATTHEW RICH,

Plaintiff

v.

ORDER

TOWN OF HARPSWELL, et al

STATE OF MAINE
Cumberland, ss, Clerk's Office

Defendants.

APR 13 2012

RECEIVED

Before the court is an appeal pursuant to Rule 80B from a July 27, 2011 decision of the Harpswell Board of Appeals finding that C. Matthew Rich's appeal from the September 16, 2010 issuance of a building permit to neighboring property owners was untimely. The court has previously denied Rich's motion for a trial of the facts. See order dated December 29, 2011.

The relevant facts as to the timing of Rich's appeal are contained in the record, in Rich's complaint, and in the offer of proof which Rich submitted pursuant to Rule 80B(d) with his motion for a trial of the facts. On issues relating to the timing of this appeal, the court accepts the facts in Rich's offer of proof for purposes of determining whether the "good cause" exception applies:[1]

The Harpswell Code Enforcement Officer issued a building permit to Michael Hamblyn on September 16, 2010 to allow Hamblyn to relocate an existing structure farther from the shore and install a new foundation. R. Tab 8, R. Tab 10. Rich's complaint and his offer of proof accompanying his motion for a trial of the facts

---

[1] In its December 29, 2011 order the court directed defendants to set forth any disagreements with the factual assertions set forth in Rich's offer of proof, and they have done so. The court concludes that none of those disagreements are material to a determination of "good cause."

acknowledge that Rich was aware during the fall of 2010 that construction was underway at the Hamblyn property. Complaint ¶ 15; Offer of Proof ¶¶ 8-10. In May 2011 Rich made certain complaints to the Code Enforcement Officer that Hamblyn and the co-owner of his property were improperly expanding a non-conforming structure. Complaint ¶ 16; Offer of Proof ¶ 20.[2] Rich states that in following up these complaints in late June of 2011 he reviewed the permit file and learned that the permit that had been issued should have been issued by the Planning Board rather than by the code enforcement officer. Complaint ¶ 17; Offer of Proof ¶¶ 25-28.

On July 6, 2011 Rich filed an appeal from the September 16, 2010 issuance of the building permit to the Harpswell Board of Appeals. Complaint ¶ 19. The Board found that Rich's appeal was untimely and that there was no "good cause" for that untimeliness.

Good Cause Exception

Under § 14.2.1 of the Harpswell Zoning Ordinance, appeals taken from a decision by the code enforcement officer shall be taken within 40 days of the decision appealed from "and not otherwise, except that the Board, upon a showing of good cause, may waive the 40 day requirement." In this case Rich's appeal was filed almost nine months after the issuance of the permit, and the Board of Appeals did not find good cause. See R. Tab 1 at p. 2.

While most factual decisions by an administrative body are reviewed under a deferential standard, the Law Court has held that whether good cause existed is a decision to be made judicially. Brackett v. Town of Rangeley, 2003 ME 109 ¶ 17, 831

---

[2] This was during the same time period when Rich was also objecting to a March 2011 application by Hamblyn for a permit under the Wharf and Weir Act to construct a pier on the shore of his property. No permit for a pier has been issued.

2

A.2d 422, 428. In order to find good cause, the court must find that there are special circumstances which would result in a flagrant miscarriage of justice "unless, <u>within a narrowly extended range</u>, a time longer than the general norm is held reasonable." <u>Brackett</u>, 2003 ME 109 ¶ 23, 831 A.2d at 429 (emphasis added), <u>quoting</u> <u>Keating v. Zoning Board of Appeals of Saco</u>, 325 A.2d 521, 524 (Me. 1974).

The factors to be considered in determining whether good cause exists include the following: whether the party seeking to appeal received notice of the issuance of the permit, whether the municipality violated its own ordinance in issuing the permit, whether the permit holder violated the terms of the permit, and the amount of time the appellant waited to file the appeal after obtaining actual knowledge of the permit. <u>Viles v. Town of Embden</u>, 2006 ME 107 ¶ 13, 905 A.2d 298, 302.

Rich did not receive notice of the issuance of the permit. He also contends that the issuance of a permit by the code enforcement officer violated Harpswell's zoning ordinance because the code enforcement officer was required under § 10.3.2.3 of the ordinance to give notice of any relocation of a non-conforming structure to the Planning Board and all property owners within 250 feet of the applicant's property so that the Planning Board could elect to exercise jurisdiction over the permit application. Although both the Town and the parties in interest contend that Rich cannot show good cause for his delay in appealing, they do not contest Rich's assertion that § 10.3.2.3 was applicable and should have been followed in this case.

The Town and the parties in interest, however, do dispute that the parties in interest have violated the terms of the permit that was issued, and Rich has made no showing that any such violations have occurred. Most importantly, the Town and the parties in interest point out that Rich waited a considerable period of time after obtaining actual knowledge of the permit. He first had notice that construction was

3

underway in the fall of 2010. Giving Rich the benefit of the doubt that this did not occur until late in the fall, he still waited more than seven months to file his appeal.

Moreover, according to Rich's offer of proof, he complained to the Town Administrator that there was an improper deck being added to the Hamblyn cottage on May 12, 2011. Offer of Proof ¶ 20(a). Even if that date were used as the starting point for Rich's actual notice of the permit, Rich did not file his appeal until 53 days later – on July 6, 2011. Rich's position in this action is that, because he originally did not get notice of the permit application, the clock should not have started to run when he received actual notice of the permit but should only have started to run until after he began looking into the file and discovered an issue that he wanted to appeal. The court is aware of no authority to support this position.

The purpose of an appeal deadline is ensure that once an individual obtains a building permit, he can rely on that permit with confidence that it will not be revoked after he has commenced construction. Wright v. Town of Kennebunkport, 1998 ME 184 ¶ 6, 715 A.2d 162. That principle yields when good cause for a delay in filing an appeal can be shown. However, the case on which Rich most heavily relies, Brackett v. Town of Rangeley, 2003 ME 109 ¶ 23, 831 A.2d at 429, allowed extensions of the appeal deadline "within a narrowly extended range" when good cause for delay existed. A requested extension of seven months after receipt of actual knowledge that a permit has issued does not constitute an extension within a "narrowly extended" range.

Considering the relevant factors in this case under the circumstances presented here, the court concludes that once Rich had actual notice of the permit and certainly once he was complaining about allegedly improper construction, the clock started on Rich's time to file an appeal. Good cause for Rich's untimeliness does not exist in this case.

4

## Particularized Injury

The Town and the parties in interest also argue that Rich's property does not abut Hamblyn's property and he cannot show any "particularized injury" that would entitle him to appeal even if good cause existed. See Brooks v. Cumberland Farms, 1997 ME 203 ¶ 8, 703 A.2d 844, 847. Rich's opponents may have a point; although the record does not disclose the location of Rich's property on the tax map (R. Tab 7), Rich does not dispute that he is not an abutter. The only injury he alleges is that "he is a resident taxpayer who has complied with the Harpswell Shoreland Zoning Ordinance over the last twenty years." R. Tab 2 at 2. This would not appear to qualify as "particularized injury."

However, since the record does not establish the exact relationship between Rich's property and the Hamblyn property and the finding of untimeliness below foreclosed any inquiry that might have taken place into any particularized injury Rich may have suffered, the court does not reach the issue of particularized injury or rely on that issue in this order.

## Proposed Additions to the Record

Along with his Reply Brief, Rich has submitted several proposed additions to the record, including two binders totaling 29 documents, and he has also sought reconsideration of the court's denial of his motion for a trial of the facts. Except for agreeing to the addition of a one-page revision to Hamblyn's permit application that was approved on April 14, 2011 (Attachment # 1), the Town and the parties in interest oppose Rich's attempt to add to the record at this juncture, and they oppose his request for reconsideration.

5

The court concludes that Rich is not entitled to add Attachments # 2 and # 3 to the record. First, having made an offer of proof at the time of his initial motion for a trial of the facts, he is not entitled to make a second offer with additional facts after that motion has been denied. Second, to the extent that Rich is attempting to broaden the issues on which he is appealing, he cannot do at this stage. This appeal is limited to the issues set forth in Rich's July 6, 2011 submission to the Harpswell Board of Appeals (R. Tab 2). Finally, the court has not found anything in the additional materials submitted that would alter the conclusion that Rich has not demonstrated good cause for the untimeliness of his July 6, 2011 appeal. Rich's request for reconsideration of the denial of his motion for a trial of the facts is denied.

The entry shall be:

The court determines that plaintiff has not demonstrated good cause for the untimeliness of his appeal. The decision of the Harpswell Board of Appeals is affirmed.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April _12_, 2012

Thomas D. Warren
Justice, Superior Court

6

| Date Filed 09-08-11 | Cumberland County | Docket No. AP-11-40 |
|---|---|---|

Action _____ 80(B) Appeal _____

C. MATTHEW RICH

INHABITANTS OF THE TOWN OF HARPSWELL
MICHAEL HAMLYN - PII
DEBRA BODWELL - PII

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DOUGLAS J. PAYNE, ESQ. PO BOX 550 BRUNSWICK, ME 04011 | → SCOTT D ANDERSON ESQ (M HAMLYN) +Bodwell VERRILL & DANA PO BOX 586 PORTLAND ME 04112-0586 → SALLY DAGGETT ESQ (TOWN) JENSEN BAIRD GARDNER & HENRY PO BOX 4510 PORTLAND ME 04112 |

Date of
Entry